JOHN G. DAY *vs.* ASA H. CATON.

Suffolk. Nov. 19, 1875. — Feb. 29, 1876. COLT & LORD, JJ., absent.

In an action to recover the value of one half of a party wall erected by the plaintiff partly on his estate and partly on that of the defendant, the jury may, in the absence of an express agreement as to payment on the defendant's part, infer a promise to pa·, if the plaintiff undertook and completed the wall with the ex

pectation that the defendant would pay him for it, and the defendant had reason to know that the plaintiff was so acting with that expectation, and allowed him so to act without objection.

CONTRACT to recover the value of one half of a brick party wall built by the plaintiff upon and between the adjoining estates, 27 and 29 Greenwich Park, Boston.

At the trial in the Superior Court, before *Allen*, J., it appeared that, in 1871, the plaintiff, having an equitable interest in lot 29, built the wall in question, placing one half of it on the vacant lot 27, in which the defendant then had an equitable interest. The plaintiff testified that there was an express agreement on the defendant's part to pay him one half the value of the wall when the defendant should use it in building upon lot 27. The defendant denied this, and testified that he never had any conversation with the plaintiff about the wall; and there was no other direct testimony on this point.

The defendant requested the judge to rule that, " 1. The plaintiff can recover in this case only upon an express agreement."

" 2. If the jury find there was no express agreement about the wall, but the defendant knew that the plaintiff was building upon land in which the defendant had an equitable interest, the defendant's rights would not be affected by such knowledge, and his silence and subsequent use of the wall would raise no implied promise to pay anything for the wall."

The judge refused so to rule, but instructed the jury as follows : " A promise would not be implied from the fact that the plaintiff, with the defendant's knowledge, built the wall and the defendant used it, but it might be implied from the conduct of the parties. If the jury find that the plaintiff undertook and completed the building of the wall with the expectation that the defendant would pay him for it, and the defendant had reason to know that the plaintiff was so acting with that expectation and allowed him so to act without objection, then the jury might infer a promise on the part of the defendant to pay the plaintiff."

The jury found for the plaintiff; and the defendant alleged exceptions.

*H. D. Hyde & M. F. Dickinson, Jr.*, for the defendant.
*F. W. Kittredge*, for the plaintiff.

DEVENS, J. . The ruling that a promise to pay for the wall would not be implied from the fact that the plaintiff, with the defendant's knowledge, built the wall, and that the defendant used it, was substantially in accordance with the request of the defendant, and is conceded to have been correct. Chit. Con. (11th Am. ed.) 86. *Wells* v. *Banister*, 4 Mass. 514. *Knowlton* v. *Plantation No.* 4, 14 Maine, 20. *Davis* v. *School District in Bradford*, 24 Maine, 349.

The defendant, however, contends that the presiding judge incorrectly ruled that such promise might be inferred from the fact that the plaintiff undertook and completed the building of the wall with the expectation that the defendant would pay him for it, the defendant having reason to know that the plaintiff was acting with that expectation, and allowed him thus to act without objection.

The fact that the plaintiff expected to be paid for the work would certainly not be sufficient of itself to establish the existence of a contract, when the question between the parties was whether one was made. *Taft* v. *Dickinson*, 6 Allen, 553. It must be shown that, in some manner, the party sought to be charged assented to it. If a party, however, voluntarily accepts and avails himself of valuable services rendered for his benefit, when he has the option whether to accept or reject them, even if there is no distinct proof that they were rendered by his authority or request, a promise to pay for them may be inferred. His knowledge that they were valuable, and his exercise of the option to avail himself of them, justify this inference. *Abbot* v. *Hermon*, 7 Greenl. 118. *Hayden* v. *Madison*, 7 Greenl. 76. And when one stands by in silence and sees valuable services rendered upon his real estate by the erection of a structure, (of which he must necessarily avail himself afterwards in his proper use thereof,) such silence, accompanied with the knowledge on his part that the party rendering the services expects payment therefor, may fairly be treated as evidence of an acceptance of it, and as tending to show an agreement to pay for it.

The maxim, *Qui tacet consentire videtur*, is to be construed indeed as applying only to those cases where the circumstances are such that a party is fairly called upon either to deny or admit his liability. But if silence may be interpreted as assent where a

proposition is made to one which he is bound to deny or admit, so also it may be if he is silent in the face of facts which fairly call upon him to speak.  *Lamb* v. *Bunce*, 4 M. & S. 275.  *Conner* v. *Hackley*, 2 Met. 613.  *Preston* v. *American Linen Co. ante*, 400.

If a person saw day after day a laborer at work in his field doing services, which must of necessity enure to his benefit, knowing that the laborer expected pay for his work, when it was perfectly easy to notify him if his services were not wanted, even if a request were not expressly proved, such a request, either previous to or contemporaneous with the performance of the services, might fairly be inferred.  But if the fact was merely brought to his attention upon a single occasion and casually, if he had little opportunity to notify the other that he did not desire the work and should not pay for it, or could only do so at the expense of much time and trouble, the same inference might not be made. The circumstances of each case would necessarily determine whether silence with a knowledge that another was doing valuable work for his benefit, and with the expectation of payment, indicated that consent which would give rise to the inference of a contract.  The question would be one for the jury, and to them it was properly submitted in the case before us by the presiding judge.                                    *Exceptions overruled.*