F. W. ZEMIER AND COMPANY, INCORPORATED, *vs.* BEACON
INVESTMENT ASSOCIATION, INCORPORATED.

Suffolk.    March 4, 1919. — March 31, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* What constitutes, Implied.

In an action for work and materials performed and furnished in the installation
of a heating system in a garage, against a mortgagee of the land on which the
garage was constructed, which had entered to foreclose its mortgage, it appeared
that the mortgagor was the owner of the land on which the garage was built
and had given the mortgage to the defendant to secure the sums of money to be
advanced to such landowner from time to time as the work on the garage pro-
gressed, and that, before each advance was made, the agents of the defendant
examined the property to ascertain the progress of the work. The judge
ordered a verdict for the defendant. *Held,* that the ordering of the verdict was
right; that the defendant's knowledge of the work and its entry on the premises
for the purpose of foreclosing its mortgage were no evidence that the defendant
impliedly promised to pay the plaintiff for the work and materials.

CONTRACT against a corporation, the mortgagee of a parcel of
land with the buildings thereon numbered 2 on St. Paul Street in
Brookline, which had entered to foreclose its mortgage on the
property, for $1,692.22 for work and materials performed and
furnished in installing a heating system in a garage on the land
from October, 1917, until some time in January, 1918. Writ
dated February 11, 1918.

In the Superior Court the case was tried before *Keating,* J.
The evidence is described in the opinion. At the close of the
evidence on motion of the defendant the judge ordered a verdict
for the defendant and reported the case for determination by
this court, with a stipulation that, if the judge was right in order-
ing the verdict, judgment should be entered for the defendant
upon that verdict; but that, if the case should have been sub-
mitted to the jury, judgment should be entered for the plaintiff
in the sum of $1,100.

*W. W. Risk,* (*J. S. C. Nicholls* with him,) for the plaintiff.
*I. Harris,* for the defendant.

CROSBY, J.  This is an action of contract to recover for materials furnished and labor performed in the installation of a heating system in a garage.  It is agreed that one Flynn, who was the owner of the land on which the garage was erected, on September 27, 1916, executed a mortgage to the defendant for $30,000, which was to be advanced to the mortgagor as the work on the garage progressed; that the work was started in 1916; that the defendant was the holder of a prior mortgage for $8,000 on the premises, which was assigned to it on September 27, 1916; that on October 17, 1917, the defendant made an entry on the premises for the purpose of foreclosing both mortgages for breach of the conditions thereof, the entries being recorded on November 1, 1917.

Aside from the foregoing facts, the only other evidence introduced at the trial was the testimony of two witnesses: One Florence, the president of the plaintiff company, testified that the work for which the plaintiff seeks to recover was performed under a contract with the husband of the mortgagor Flynn; that it was commenced in October, 1917, and continued until some time in January, 1918.  The other witness, one Henderson, who was the treasurer of the defendant association, was called by the defendant and testified that as the work progressed payments were made to the mortgagor from time to time; that the work was started in 1916, and was not completed in October, 1917, although it was then occupied by a tenant.  On cross-examination this witness testified, "that the heating system was partially, if not all in, in October, 1917, . . . that every time Flynn would ask for a payment on our mortgage, we would go and examine the property."  He also testified: "I was there in October, 1917."

The fact that the defendant made an entry upon the premises for the purpose of foreclosing the mortgages to itself, was wholly insufficient to charge it with liability for the work done by the plaintiff.  That the defendant may be chargeable upon an implied contract for the work, it must appear that it was performed under such circumstances as to warrant a finding that the plaintiff expected the defendant would pay for it, and that the defendant acted with that expectation and allowed the plaintiff so to act, without objection.  The testimony of the defendant's treasurer, "that every time Flynn would ask for a payment on our mortgage, we would go and examine the property," was evidence that the

defendant had knowledge that the work was being performed; but it was not sufficient to warrant a finding that the defendant knew or ought to have known that the plaintiff acted upon the expectation that the work would be paid for by the defendant. The loan which the defendant made to Flynn, the mortgagor, was for the purpose of enabling the latter to build the garage, and the payments made by the defendant to her were for that purpose. Under the circumstances the defendant could not reasonably have been found to have understood that the plaintiff would expect it to pay for the work. *Day* v. *Caton,* 119 Mass. 513. *O'Conner* v. *Hurley,* 147 Mass. 145. *Livingston* v. *Hammond,* 162 Mass. 375. *Kirchgassner* v. *Rodick,* 170 Mass. 543. *Spencer* v. *Spencer,* 181 Mass. 471. *McKenna* v. *Twombly,* 206 Mass. 62. *Lyons* v. *Jackson, ante,* 275.

For the reasons stated we do not think that the evidence, most favorable to the plaintiff, was sufficient to warrant a finding that the defendant impliedly promised to pay the plaintiff. The presiding judge rightly ordered a verdict for the defendant, and in accordance with the report the entry must be

*Judgment for the defendant on the verdict.*