RALPH F. ALBERT *vs.* BOSTON MORTGAGE BOND COMPANY.

Suffolk.   November 11, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Contract,* Implied. *Evidence,* Relevancy and materiality.

In an action upon a *quantum meruit* for the value of labor and materials furnished in the construction of a building upon land of a third person, it appeared that the owner of the land had given to the defendant, a corporation, a mortgage upon the premises to secure the repayment of sums which the defendant had agreed to advance at certain stages of the construction of the building under specified conditions, that the owner had assigned to the plaintiff his right to a balance of payments provided for in the agreement; that the building was then in an unfinished state; that, following a conversation between the plaintiff and the defendant's treasurer, the treasurer prepared and signed and sent to the plaintiff a new agreement by which the plaintiff was to complete the contract and receive the remaining payments from the defendant; that the plaintiff made some alteration in the contract, signed it as altered and returned it to the treasurer, who refused to approve the alteration, repudiated the contract and so notified the plaintiff, and that the plaintiff then stated that he would see the treasurer about it. Thereafter, without further conference with the defendant, the plaintiff furnished labor and materials toward the completion of the building and received certain payments from the defendant which in all were $100 greater in amount than the sum of payments required in the agreement originally made by the defendant with the owner of the land. *Held,* that

(1) A finding was warranted that the defendant's treasurer reasonably might assume that payments made to the plaintiff were under the provisions of the contract made with the owner, the plaintiff's assignor;

(2) A finding was not required that the defendant permitted the plaintiff to furnish the labor and materials with the expectation that the defendant

would pay him therefor, irrespective of the contract made with the plaintiff's assignor;

(3) A finding for the defendant was warranted.

The declaration in the action above described also contained a count for breach of the alleged new agreement between the plaintiff and the defendant, and evidence was admitted against objection of the plaintiff, tending to show the assignment to the plaintiff by the owner of the land of his right to payments to be made under his construction loan agreement with the defendant, and that the defendant did not assent thereto, that the plaintiff prepared a modification of the construction loan agreement and that the negotiations with regard thereto resulted in the drafting of the new contract between the plaintiff and the defendant, to which the defendant did not assent. *Held*, that the evidence properly was admitted.

CONTRACT, by the assignee of the person to whom payments were to be made by the mortgagee under the provisions of a construction loan mortgage against the mortgagee, the declaration as amended containing three counts, which are described in the opinion. Writ in the Municipal Court of the City of Boston dated May 20, 1918.

Material evidence at the trial in the Municipal Court is described in the opinion. The plaintiff requested the following among other rulings:

"10. If it appear that the contract in question was not actually entered into by the parties, then the plaintiff is entitled to maintain this action on the count for *quantum meruit.*

"11. Where the evidence shows that no contract was ever actually made, and that the defendant knew that labor and materials were being furnished and paid some money on account thereof, the defendant is bound to pay the reasonable value of the labor and materials furnished, minus the money paid the plaintiff, on account.

"12. On all the evidence the plaintiff is entitled to recover."

The rulings were refused. The judge found that there was "no valid contract made by the parties," and did "not find that the defendant ratified the contract as altered." He found generally for the defendant, and, at the plaintiff's request, reported the case to the Appellate Division, the report submitting for determination the correctness of rulings refusing the requests of the plaintiff, above quoted, and of rulings admitting evidence, which was objected to by the plaintiff, in substance to the effect that about September 28, 1917, one Bessie Hurvich, who was the owner of the property in question, assigned her right to payments to

become due under a construction loan agreement then existing between her and the defendant to the plaintiff, but that the defendant did not assent to the assignment; and that thereafter the plaintiff proposed a modification of said construction loan agreement; and that this negotiation resulted in the contract declared on being drawn.

The Appellate Division dismissed the report; and the plaintiff appealed.

*M. Jacobs,* for the plaintiff.

*R. E. Jeffery,* for the defendant.

CROSBY, J. It appears from the report of the trial judge that one Bessie Hurvich was the owner of a certain parcel of land and that the defendant made a construction loan thereon to her under a written agreement and a supplemental agreement, the loan being secured by a mortgage on the premises. The owner, by her attorney, in writing, on September 28, 1917, assigned to the plaintiff the balance of the payments provided for in the agreement. The building being in an unfinished state, the plaintiff and the defendant's treasurer had a conversation with reference to completing it, and thereafter the latter prepared and signed an agreement by the terms of which the plaintiff was to complete the work and was to be paid the balances due under the construction agreement, as specified in this new agreement prepared and signed by the defendant's treasurer. This was sent to the plaintiff, who made certain alterations therein, signed it and returned it to the treasurer, who, the judge found, refused to approve the changes and at once repudiated it and gave notice thereof the next day to the plaintiff. The plaintiff, when notified that the defendant had repudiated the agreement as altered, said in substance that he would see the treasurer about it. The judge found that the plaintiff then proceeded to furnish labor and materials on the building, and received from the defendant certain payments on account; and that the payments so received were similar to the first, second and third payments mentioned in the alleged agreement, and $100 in addition. The report shows that the plaintiff did not finish the entire work to be done in order to complete the building. The judge further found that the plaintiff did not consult the defendant's treasurer "with reference to the changed agreement, but started to work; that there was no meeting of the minds of the parties

and that no valid contract was made . . . ;" that the defendant did not ratify the contract as altered, and that the plaintiff could not recover.

It is clear that, as no valid agreement was entered into between the parties, the plaintiff cannot recover under the first count, which declares on the agreement. Nor can there be a recovery on the second count, for labor and materials furnished.

The plaintiff, however, contends that he is entitled to recover under the third count upon a *quantum meruit,* for the value of the labor and materials less the amount which he has received. That he may recover upon a *quantum meruit* it must appear that the work was performed under such circumstances as to warrant a finding that he expected the defendant would pay for it, and that the defendant acted with that expectation and allowed him so to act, without objection. The defendant, as mortgagee, under the construction loan agreement was required to make the payments provided for therein. These having been assigned to the plaintiff, as the defendant's treasurer knew, the latter reasonably might assume that the payments made to the plaintiff were so made in accordance with the agreement, which remained in full force and effect. *Day* v. *Caton,* 119 Mass. 513. *Homer* v. *Shaw,* 177 Mass. 1. *F. W. Zemier & Co. Inc.* v. *Beacon Investment Association, Inc.* 232 Mass. 507, and cases cited. The cases cited by the plaintiff are not applicable to the facts found in the case at bar.

The evidence that the owner of the property had assigned to the plaintiff her right to the payments to become due under the construction loan agreement, and that the defendant did not assent to it, that the plaintiff prepared a modification of the construction loan agreement which resulted in the proposed contract between him and the defendant to which the latter refused to assent, was all admissible and material upon the question whether there was any understanding or implication of a promise that payments should be made by the defendant for the labor and materials furnished.

The finding for the defendant was not unwarranted, and the rulings requested were rightly refused.

*Order dismissing report affirmed.*