PAULINE W. TRUE, assignee, *vs.* SAMUEL LEBOWICH.

Suffolk., November 16, 1922. — January 4, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Contract,* Implied.

A mortgagee of real estate under a construction loan power of sale mortgage caused the mortgage to be foreclosed under the power of sale and purchased the property at foreclosure sale. Thereafter the former owner furnished labor and materials and continued in charge of unfinished work upon the property and collected rents. The purchaser paid for all materials and labor except what the former owner furnished. At the trial of an action by an assignee of the former owner against the purchasing mortgagee to recover for services and materials which the former owner had furnished after the foreclosure of the mortgage, there was evidence, which was controverted, that the plaintiff's assignor expected to be paid for his work and materials, that they were of value to the defendant's estate and that they were rendered and furnished at the defendant's request and with his full knowledge and approval, and it was *held* that the evidence warranted the jury in inferring an implied promise on the part of the defendant to pay the plaintiff's assignor.

CONTRACT for $1,950, alleged to be due the plaintiff as assignee of George L. True for services performed and materials furnished by him for buildings owned by the defendant. Writ dated July 31, 1919.

In the Superior Court, the action was tried before *Raymond,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

"1. On all the evidence the plaintiff is not entitled to recover."

"4. The plaintiff's assignee has not established by the evidence a valid enforceable oral, implied or express contract for reimbursement for money expended, work, materials and labor, and a verdict should be ordered for the defendant."

The rulings were refused. There was a verdict for the plaintiff in the sum of $1,669.23; and the defendant alleged exceptions.

The case was submitted on briefs.

*J. P. Walsh*, for the defendant.

*W. H. Smart*, for the plaintiff.

DE COURCY, J. The defendant in 1916 took a construction loan mortgage upon the premises 54–58 Kirkland Street, in Cambridge, of which property George L. True, the plaintiff's assignor, was the legal owner. True proceeded with the alterations and improvements on the premises, applying thereon the money advanced on the mortgage. On July 2, 1917, the mortgage was duly foreclosed, and the defendant became owner of the property. Thereafter True remained in charge of the unfinished work, and the collection of the rents, and the defendant continued paying for all the materials and labor, excepting the services rendered and materials furnished by True. To recover the value of these services and materials this action was brought, and there was a verdict for the plaintiff. The only question raised by the defendant's exceptions is whether there was sufficient evidence to warrant the submission of the case to the jury.

There was evidence that the plaintiff's assignor furnished the services, labor and materials referred to in the declaration; that he did so with the knowledge and at the request of the defendant; that they were reasonably worth the prices charged; and that True expected to be paid for the same. The main contention of the defendant is that whatever True did on this property was for his own benefit, and in reliance upon a promise made by the defendant to reconvey the property on being repaid the sum due him at the time of the foreclosure, with twelve per cent interest, together with the amounts subsequently expended by him for completing and maintaining the building. This contention finds some support in the failure of True to make any demand for payment until after he was discharged as agent or superintendent in the spring of 1919. On the other hand, the defendant's agree-

ment to reconvey was limited to two months from July 6, 1917; while materials, labor and superintendence upon the property were furnished by True until March, 1918, and his services in collecting rents until July, 1919. There was also testimony by the foreman, Riley, that after the foreclosure sale on July 2, 1917, the defendant said to True, "continue on for me as you have done for yourself." Plainly what the plaintiff's assignor did was for the benefit of the defendant's real estate, and was furnished with the latter's full knowledge and approval. The jury could find that True expected to be paid therefor, and that the defendant as a reasonable man ought to have understood that the services were not being rendered gratuitously. As was said by Holmes, C.J., in *Spencer* v. *Spencer*, 181 Mass. 471, 473: " . . . it does not matter whether the defendant expected to pay for the services or not, the question is as to the natural import of his overt acts. . . . Again, it is not necessary that the defendant should have believed that the plaintiff expected pay. If as a reasonable man he should have understood from what he knew that such was the expectation, he would be bound by accepting the services."

The evidence warranted the jury in inferring an implied promise on the part of the defendant to pay the plaintiff's assignor. *Day* v. *Caton*, 119 Mass. 513. *James* v. *Cummings*, 132 Mass. 78. *McKenna* v. *Twombly*, 206 Mass. 62. *Butler* v. *Butler*, 225 Mass. 22. Compare *F. W. Zemier · & Co. Inc.* v. *Beacon Investment Association, Inc.* 232 Mass. 507.

*Exceptions overruled.*