LUCIEN DOUILLETTE vs. LAURA M. PARMENTER.

Worcester. September 24, 1956. — January 16, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Contract*, What constitutes, Implied contract, Building contract. *Unjust Enrichment*.

A finding of an express or implied agreement by a landowner to pay for labor and materials furnished in building a house on her land was not warranted by evidence that the builder moved to the land in response to a statement by the landowner that she would convey "a piece" of the land to him if he did so, that later she selected a building site on the land and told him he could build the house there, and acquiesced in its construction, and that she did not make the conveyance to him and he ultimately left the premises; but in such circumstances he would be entitled in equity, on the ground of unjust enrichment, to recover from her the value of the benefit conferred upon her less the value of any benefit accruing to him.

CONTRACT. Writ in the Superior Court dated June 23, 1949.

The action was tried before *Paquet, J.*

*Matthew R. McCann, Jr.*, for the defendant.

*Alphonse P. San Clemente*, for the plaintiff.

WILLIAMS, J. This is an action of contract to recover for

work and labor performed and materials furnished in the amount of $1,800, as set forth in an account annexed, in erecting a house upon the defendant's land in Grafton. The pleadings are not included in the record. The defendant excepted to the denial of her motion for a directed verdict, and the jury returned a verdict for the plaintiff in the amount of $1,500. The defendant having failed to order the preparation of the record within the time set by G. L. (Ter. Ed.) c. 231, § 135, the trial judge reported the case to this court on the issue raised by the aforesaid exception.

There was evidence that the plaintiff was the brother-in-law of the defendant and was a paying tenant in property of hers in Worcester. In the summer of 1946 she bought a farm, stated in the defendant's brief to have been in Grafton, and asked him how he would "like to come out there." On his replying that he would, she said, "If you come out, I'll give you a deed to a piece of land, and you can come out and live." The plaintiff with his wife and child went out to the farm in March or April, 1947, and, at the request of the defendant, moved into her house and paid her rent for occupancy of one room. The defendant told him that he and his wife could build a house and "almost immediately" he started to build a house, with the aid of the defendant's sons, on a "spot" selected by the defendant. In July when the house was partially completed he moved in and continued to build by working nights and weekends. In July he asked the defendant for a deed of the lot and all she said was that she was going to have the property surveyed. In November there was an argument of some kind and the defendant said that he would have to leave because he could not have any more water. It seems that water was supplied from a pump on some part of the premises. The plaintiff left the house shortly before Thanksgiving, leaving his furniture in four rooms. He did not remove the furniture until sometime after the first of the following year. The plaintiff testified that he had put $883 worth of material into the house and charged for his labor of six hundred seventy-eight hours at $1.375 per hour.

The plaintiff's declaration on an account annexed includes the common counts for goods sold and delivered and for services rendered. To recover thereunder he must prove that the items declared on were supplied under an express or implied agreement that the defendant would pay for them. *Williams* v. *Bemis,* 108 Mass. 91, 92. *White* v. *Wieland,* 109 Mass. 291, 292. There is no evidence of any such agreement. The items were not supplied in return for the defendant's promise to deed a "piece" of land since the only act of the plaintiff which could be found to be consideration for that promise was moving out to the farm to live. Nor were they supplied in expectation by the plaintiff that the defendant would pay for them. The inference from the evidence is that his only expectation was that she would convey to him the land on which the house was being built. He is therefore not entitled to recover the value of his labor and materials. However, it does not follow that he may not have relief to the extent of the benefit conferred upon the defendant.

We have more than the mere erection of a house upon the land of another for which the builder cannot compel the landowner to pay. *LaChance* v. *Rigoli,* 325 Mass. 425, 427. The evidence was sufficient to show that the defendant induced the plaintiff to build the house. She promised to deed him a "piece" of land and later selected a "spot" on her farm and told him that he could build. She appears to have acquiesced in the building until the house was substantially completed. It could be found that she has been unjustly enriched at his expense by conduct on her part which was tantamount to fraud. While we find no authority in this Commonwealth permitting recovery for benefits conferred in similar circumstances the equitable principle involved has been recognized in other jurisdictions. See *Fischer* v. *Kennedy,* 106 Conn. 484, 492–493, 495; *Johnson* v. *Armfield,* 130 N. C. 575; *Parkhurst* v. *Van Cortlandt,* 1 Johns. Ch. (N. Y.) 273, 286; *Worth* v. *Worth,* 84 Ill. 442, 445; *Schneider* v. *Reed,* 123 Wis. 488, 499; Williston, Contracts (Rev. ed.) § 537; Woodward, Quasi Contracts, § 102.

The exception of the defendant is sustained. If within thirty days the plaintiff files a motion to amend his action at law into a suit in equity and the motion is allowed there shall be a new trial, at which any damages awarded should be based upon the value of the benefit conferred upon the defendant less the value of any benefits which have accrued to the plaintiff. See *Fischer* v. *Kennedy, supra,* page 495; *Parkhurst* v. *Van Cortlandt, supra,* page 287; *Dix* v. *Marcy,* 116 Mass. 416, 418; Williston, Contracts (Rev. ed.) § 537, note 1; Woodward, Quasi Contracts, § 107. If the motion is not allowed judgment shall be entered for the defendant.

*So ordered.*