JACK C. KATZ *vs.* JAMES A. SILIN & another.

Middlesex.    October 5, 1965. — December 3, 1965.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Contract,* What constitutes, Implied contract, For hiring an accountant.

Where it appeared that, upon demand by a wife's counsel for an accounting by her husband of his management of property subsequently adjudged to be hers, the husband employed an accountant and at the completion of his work furnished a copy of his report to the wife and her counsel, but that neither she nor her counsel ever authorized the employment of the accountant or was aware of his performance of the work until its completion or ever agreed to pay for the accounting, the wife was not liable to the accountant for his services on either the theory of an express contract or the theory of quantum meruit.

CONTRACT.    Writ in the Superior Court dated October 10, 1962.

The action was heard by *Fairhurst, J.,* on an auditor's report.

The case was submitted on briefs.

*David D. Leahy & Joseph E. Perry* for the plaintiff.

*George A. McLaughlin, Jr.,* for the defendant Eva D. Silin.

REARDON, J.    This is an action of contract brought by the plaintiff, a certified public accountant, against the defendants for payment of $1,200 for services rendered.    The declaration was in three counts, the first alleging that the sum was owed by James A. Silin, the second that it was

owed by Eva D. Silin, and the third that it was owed by both jointly. The matter was referred for hearing before an auditor whose findings of fact were to be final. The auditor found for the plaintiff on the third count of the ·declaration. On the plaintiff's motion for judgment for the plaintiff on that count a Superior Court judge allowed it "insofar as the same concerns itself with the defendant James A. Silin." On a motion by the defendants that judgment be entered for the defendants on count three the court allowed the motion "insofar as the same concerns itself with the defendant Eva S. Silin." The plaintiff claimed an appeal from these actions of the court. In view of what follows we treat the allowance by the court of these motions as orders for judgment.

Facts found by the auditor were as follows. In 1950 Eva inherited approximately $500,000, consisting of stocks, bonds and bank accounts, which was almost immediately placed in the joint name of her husband James and herself. James managed the fund until 1959, when Eva brought divorce proceedings, together with an equity petition seeking to establish herself as sole owner of the balance of the joint fund. On October 16, 1959, an injunction was issued restraining James from expending any monies from the fund. In connection with the equity proceedings, counsel for Eva had a conference with counsel for James in which the former intimated that James had diverted some of the funds to his own use and demanded an accounting of the management of the funds for the entire period of James' stewardship. At no time was there any talk as to who the accountant should be or who would pay for his services. This demand was transmitted to James, who employed the plaintiff to do the accounting. The plaintiff was the husband of James' sister and had previously performed some accounting services for the fund from which he had been paid. Eva had acquiesced in the prior employment. James told the plaintiff that he would be paid for his services, as before, from the joint fund. On December 9, 1959, the injunction against the expenditure by James of any monies from the fund was modified to permit him "to pay

all accrued bills owed by the parties up to the date of this order.'' A hearing held in February, 1960, resulted in a finding that the entire balance of the fund belonged to Eva and a decree was entered to that effect. She thereupon transferred the funds to her name and account. ''The plaintiff's bill for services was sent to James and when he attempted to pay it there were then no funds in the joint account.'' He forwarded the bill to Eva's counsel who returned it to him. The issue presented is whether Eva is liable to the plaintiff. Notwithstanding the ''demand'' for an accounting there was never any authorization by Eva or her counsel that would have justified James in the belief that he was empowered to arrange for the accounting by himself. Evidence is lacking to show a contract made through Eva's counsel binding his client relative to the expenses of accounting. Corbin, Contracts, § 95. Eva's counsel cannot be said to have made a unilateral offer, the ''acceptance'' of which would have formed a binding contract.

The plaintiff has argued that Eva is bound on the theory of quantum meruit. The attempted recovery in quantum meruit is predicated largely on the plaintiff's contention that Eva accepted for herself the benefit of the work performed. See *Marcy* v. *Shelburne Falls & Colrain St. Ry.* 210 Mass. 197, 200; *Albert* v. *Boston Mortgage Bond Co.* 237 Mass. 118, 121; Williston, Contracts (3d ed.) § 36. It appears from the auditor's report that Eva and her counsel were not aware of the performance of work by the accountant until it was completed. Their receipt of a copy of his report without voicing objection cannot be said to be an acceptance of the benefit of work done for them since they had no reason to believe that she was to be billed for the work. In fact when James sent the bill for the plaintiff's services to Eva's counsel, it was returned to him, which further confirmed what the auditor found, that ''neither Eva nor her counsel ever agreed to pay for the accounting.'' James A. Silin alone is to pay for the accountant's services.

*Orders for judgment affirmed.*