Robert **LEWIS**, Plaintiff,

v.

The **HOLY SPIRIT ASSOCIATION FOR the UNIFICATION OF WORLD CHRISTIANITY**, a/k/a The **Unified Family**, a/k/a The **Unification Church**, and **Reverend Sun Myung Moon**, Defendants.

**Civ. A. No. 82–310–MA.**

United States District Court,
D. Massachusetts.

Jan. 10, 1983.

Marc S. Alpert, Boston, Mass., for plaintiff.

Jean-Claude Sakellarios, Manchester, N.H., Walter J. Powers, Bunker & Corbin, Boston, Mass., for the Unification Church.

Eric M. Lieberman, Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P.C., New York City, for Moon.

## MEMORANDUM AND ORDER

MAZZONE, District Judge.

This matter is before the Court on the defendants' motions to dismiss. By his amended complaint,[1] the plaintiff, Robert Lewis, has brought this action against the Holy Spirit Association for the Unification of World Christianity (the Unification Church) and the Reverend Sun Myung Moon alleging that the Church, as the agent of Reverend Moon, has breached its contract with him and has committed the torts of brainwashing and indoctrination. The facts may be summarized briefly as follows.

In January of 1975, the plaintiff, then a junior at the University of Massachusetts at Amherst, was recruited by members of

---

1. The plaintiff's motion to amend his complaint is hereby allowed, and the defendants' motions to dismiss are considered with regard to the amended complaint.

the Unification Church. In February of 1975, the plaintiff withdrew from school and joined the defendant Church, living in a church center in Amherst. Soon thereafter, the plaintiff was sent by the Church to Barrytown, New York for further training and work. He remained there for fifteen months. By the end of this period, in May of 1976, the plaintiff had begun to suffer from psychiatric disorders allegedly the result of his involvement with the Unification Church. He was hospitalized for this condition on May 13, 1976.

The plaintiff has raised several claims against the defendants Unification Church and Reverend Moon sounding in contract and in tort. Counts II and III sound in tort and allege that due to the defendants' negligence and gross negligence, the plaintiff was subjected to brainwashing and indoctrination. Counts I and IV raise contract claims and allege that a contract of employment was formed at the time of his recruitment, when he was promised that the Church would always take care of plaintiff and provide for his needs. Count VII is a claim for wages due. Count V alleges that the defendant wrongfully failed to provide worker's compensation insurance. Finally, Counts VI, VIII and IX allege that the Reverend Moon is liable as a principal on all claims in contract and tort as a result of his control of the Unification Church.

The plaintiff's tort claims contained in Counts II and III of the amended complaint are considered first. It is alleged that:

The plaintiff was subjected to brainwashing and indoctrination techniques as to the methods and practices of the Defendant Unification Church by the Defendant Unification Church, its officials and/or agents and/or employees and/or servants;

and that as a result of this "brainwashing and indoctrination" the plaintiff suffered "severe psychiatric disorders." These disorders were caused, it is alleged, by the "negligent" and "grossly negligent" conduct of the defendant Church.

■ Both of the plaintiff's claims in tort are seriously flawed. Indoctrination

and initiation procedures and conditions of membership in a religious organization are generally not subject to judicial review. *Turner v. Unification Church,* 473 F.Supp. 367, 371 (D.R.I.1978); *see United States v. Ballard,* 322 U.S. 78, 64 S.Ct. 882, 88 L.Ed. 1148 (1944); *United States v. Seeger,* 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965). Similarly, the plaintiff has not indicated any precedent for recognition of the tort of brainwashing, and my own research has revealed none.

■ It is conceivable that the plaintiff intended to allege a cause of action under the recognized tort of intentional infliction of emotional distress. In order to prove such a claim, however, the plaintiff would be required to establish that the defendant Church intended to inflict emotional distress or knew or should have known that distress would result to the plaintiff from its conduct; that the conduct was extreme and outrageous, beyond all possible bounds of decency; that the defendant's acts caused the plaintiff's distress; and that no reasonable person could be expected to endure such conduct. *Agis v. Howard Johnson Co.,* 371 Mass. 140, 355 N.E.2d 315 (1976). Even if the plaintiff had intended, by his complaint and amended complaint, to allege this tort, admittedly actionable under Massachusetts law, I find that he has not alleged sufficient facts to withstand a motion to dismiss.

Even on a liberal reading of the plaintiff's pleadings, and accepting all of his factual allegations as true, plaintiff's claims of negligent and grossly negligent conduct in connection with the indoctrination into the Unification Church do not establish an actionable tort. As a result, the claims for relief contained in Counts II and III of the amended complaint must be dismissed for failure to state a claim upon which relief may be granted.

The plaintiff's contract claims are considered next. In essence, the plaintiff has alleged that at the time of his joining the defendant Unification Church, certain statements were made to him by "officials and/or agents and/or employees and/or

servants" of the Church to the effect that in exchange for his services to the Church, "he would always be taken care of and provided for" by the Church. Plaintiff's Amended Complaint, ¶ 15. In failing to do so, the plaintiff alleges, the defendants have breached a contract formed with the plaintiff.

It is axiomatic that one seeking relief such as the plaintiff seeks must show contract, express or implied, or state a claim under the doctrine of *quantum meruit. Fisher v. Drew,* 247 Mass. 178, 141 N.E. 875 (1924). Each of these grounds for recovery share certain common elements under the applicable Massachusetts law. When a party voluntarily accepts a valuable service or benefit, having option to accept or reject it, the Court may infer a promise to pay. *Anisgard v. Bray,* 11 Mass.App. 726, 419 N.E.2d 315 (1981); *see Evers v. Gilfoil,* 247 Mass. 219, 141 N.E. 926 (1924). The actual intent of the party upon whom the benefit is conferred is immaterial, so long as a reasonable person in the same circumstances would have understood that a benefit had been conferred and that the conferring party did so in reasonable expectation of payment. *True v. Lebowich,* 243 Mass. 369, 137 N.E. 671 (1922). Despite this objective standard as to the defendant's conduct, however, the plaintiff must demonstrate certain matters with respect to his own actions as well. The mere performance of services in association with the defendant does not justify a cause of action in contract or quasi-contract based on an alleged expectation of compensation formed after the services are completed. The law implies a promise to pay only in the absence of evidence that the benefit was conferred on grounds other than contract. *Lyons v. Jackson,* 232 Mass. 275, 122 N.E. 304 (1919).

According to the plaintiff's own affidavit, he joined the Unification Church as a "member," and not as an employee. He did so following a three-day recruiting session where he was told that "[Reverend Moon] was this wonderful man who had had a revelation from God and had a very special mission" and that "Reverend Moon had met with Jesus Christ and Moses and Buddha and others." Though the plaintiff states that he "always thought during the time that I was associated with the Unification Church that ... I was working for Reverend Moon," he does not indicate that he worked on behalf of the Church with any expectation of payment for his efforts. Indeed, he indicates that he perceived a spiritual purpose to his fund-raising tasks, and that he augmented the money that he collected with further funds of his own in order that it could be "used by [Reverend Moon] in a Godly way ... to purify it."

I find that the plaintiff's claims in contract fail to state the essential elements of a cause of action in express or implied contract or in *quantum meruit.* Plaintiff has certainly failed to allege the elements of offer, acceptance, and consideration from which the Court may find a meeting of the minds and an express contract. The amended complaint and plaintiff's own affidavit indicate that the plaintiff joined the defendant Church for personal and religious reasons, and not for any reason associated with securing employment or compensation for services performed. It is well established that no recovery can be had, on a *quantum Meruit* basis, for services rendered by reason of religious or charitable motives. *Turner v. Unification Church,* 473 F.Supp. 367 (D.R.I.1978); *see St. John's First Lutheran Church in Milbank v. Storsteen,* 77 S.D. 33, 84 N.W.2d 725 (1957); *Carlson v. Krantz,* 172 Minn. 242, 214 N.W. 928 (1927). It is nowhere alleged that the defendant Church expected or reasonably should have expected to compensate the plaintiff for his services. Even giving a liberal construction to the plaintiff's pleadings, and fully crediting each of plaintiff's allegation of fact, as is proper on a motion to dismiss, I find that each of the claims in contract and quasi-contract contained in Counts I, IV and VII must be dismissed.

■ I now consider the plaintiff's claim that the defendant Unification Church wrongfully failed to provide Worker's Compensation insurance. Under Chapter 152 of the Massachusetts General Laws, an "employee" for purposes of the Worker's Compensation statute is:

[Every] person in the service of another under any contract of hire, express or implied, oral or written ...

As discussed above, I have found that the plaintiff has failed to allege facts sufficient to support the existence of an employment relation between himself and the Unification Church. As a result, I find that the provisions of the Massachusetts Worker's Compensation statute are inapplicable to plaintiff's circumstance and must dismiss the claims made in Count V of the amended complaint.[2]

■ Finally, I consider the plaintiff's claims, raised in Counts VI, VII and IX, that the Reverend Moon is liable as a principal in contract and in tort for each of the wrongs allegedly committed at his direction by the Unification Church. Because I have dismissed each of the claims against the Reverend Moon's alleged agent, the Unification Church, and because no independent claims for relief against the Reverend Moon are raised by the plaintiff, I must dismiss each of the claims stated against the Reverend Moon as well.

In view of my disposition of this matter on the merits, I find that I need not consider the statute of frauds and statute of limitations defenses raised by the Unification Church and the Reverend Moon. Having jurisdiction over all the parties to this matter, and following argument by counsel for all parties and consideration of written memoranda and affidavits, the defendants' motions to dismiss are granted.

SO ORDERED.

---

**2.** Though it has no effect on my conclusion that there is no employment relation established in the present case, I note that Chapter 152 contains a specific reference to the employees of religious organizations, that renders its provisions "elective as to the employers of ... persons other than laborers, workmen and mechanics employed by religious, charitable or educational institutions."