Rup, J.
The plaintiff brought this action for damages alleging an implied contractual relationship with the defendant Little River Estates Realty Trust (the Trust). The Defendant Stephen Balcewicz (Balcewicz), as trustee of the Trust, moved for summary judgment pursuant to Mass.R.Civ.P. Rule 56, and for the reasons stated below, that motion is allowed.
BACKGROUND
The Trust owned lots 1 through 18 of the Little River Estates which is located in Oxford, Massachusetts (the Town). At some point, the Trust received approval from the Town to develop an eighteen-lot subdivision on its parcel of land in the Little River Estates. On or about December 23, 1992, the Trust granted an option for a purchase and sale agreement for these lots to Makhold, Inc. (Makhold). Makhold subsequently assigned these purchase and sale rights to Kayla Homes, Inc. (Kayla), a corporation involving the same principals as Makhold. At the same time, Trust transferred to Kayla the development rights to lots 1 through 18.
As part of its development of the eighteen lot parcel, Kayla contracted with the plaintiff, United Equipment Leasing, Inc. (United), for extensive road construction work at the site. On May 4, 1993, the Town approved an agreement between United and Kayla for road work in the proposed subdivision.
United performed all of its contractual obligations by completing road construction and installation of municipal services on the site. Unfortunately, Kayla’s financial difficulties eventually made it the subject of an involuntary petition for bankruptcy, and as a result, United has not received full payment for the work it performed at the Little River Estates.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassessov. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 390 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord Kourouuacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson v. Time, Inc., supra at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
United asserts that the Trust has been unjustly enriched through the construction of roads on its property. “The underlying basis for awarding quantum meruit damages in a quasi-contract case is unjust enrichment of one party and unjust detriment to the other party.” Sálamon v. Terra, 394 Mass. 857, 859 (1985). Because Massachusetts courts require proof of the same basic elements when evaluating claims for quasi-contract, implied contract or quantum meruit, *576 see Bolen v. Paragon Plastics, Inc., 747 F.Supp. 103, 106 (D. Mass. 1990), United must first show that it “conferred a measurable benefit” upon the Trust. Id. In its motion, the Trust does not suggest that it received no benefit from United’s work on the site. Instead, it argues that whatever benefit it may have received does not rise to the level of “unjust enrichment.”
To defeat summary judgment, United must put forth specific facts demonstrating that the Trust allowed construction of the roads with the expectation that it would bear responsibility for compensating United for the work. Id., at 107. See Salamon v. Terra, supra at 859-60. In LaChance v. Rigoli, 325 Mass. 425 (1950), the plaintiff builders contracted with tenants of a gasoline filling station for construction of an addition. Although the plaintiffs substantially completed the structure they did not receive full payment. Id., at 425. Noting that the plaintiffs expected to be paid “but not by the owner of the land,” Id., at 427, the court concluded that “(n]o implied contract can be found here between the plaintiffs and the owner.” Id. See Salamon v. Terra, supra at 860. See also Volpe Construction Co. v. First National Bank of Boston, 30 Mass.App.Ct. 249, 261 (1991).
In this case, the Trust reasonably anticipated that only Kayla would incur obligations under the road construction contract. The Trust had no part in the contract negotiations between United and Makhold/Kayla, and was not a party to their contract. The Trust received no invoices, claims or demands for payment from United until it was served with the instant complaint. Furthermore, Balcewicz, as trustee of the Trust, specifically denied a request to grant any security interest in the Little River Estates to Makhold/Kayla subcontractors. As assignee of the development rights for lots 1 through 18, Makhold/Kayla bore the responsibility for completing the subdivision. The Trust expressly avoided the contractual undertakings of Makhold/Kayla and did not expect to cover Makhold/Kayla debts. See Salamon v. Terra, supra at 860; Volpe Construction Co. v. First National Bank of Boston, supra at 261.
Furthermore, United must show that it should reasonably have expected payment from the Trust. See Salamon v. Terra, supra at 860; LaChance v. Rigoli, supra at 427; Bolen v. Paragon Plastics, Inc,, supra at 107; Lewis v. Holy Spirit Association for the Unification of World Christianity, 589 F.Supp. 10, 13 (D. Mass. 1983). By affidavit, United’s president asserts that, based on the transfer of development rights from the Trust to Makhold/Kayla, he believed Kayla was acting as the Trust’s agent in contracting for road construction. The evidence cited above, however, directly contradicts the stated belief of United’s president. The Trust, acting through its trustee, expressly rejected a request to provide security for the road construction contract. The evidence indicates that no person associated with the Trust was a director, officer, or employee of either Makhold or Kayla, eliminating any possibility of alter ego liability.[2] United must prove that it had a reasonable expectation of payment by someone other than the parties to the contract. See, e.g., Salamon v. Terra, supra at 860. Here, United could not reasonably have expected that payment would be forthcoming from Trust under the road construction contract. Without a reasonable expectation of payment by the Trust, any benefit to it cannot be unjust. Id., at 859.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion for summary judgment be ALLOWED.

The dealings between the Trust and Makhold/Kayla do not support the existence of an agency relationship as alleged by United. See American Home Assurance Co. v. Sport Maska, Inc., 808 F.Supp. 67, 72 (D. Mass. 1992).