DAVID W. FARQUHAR & another *vs.* I. J. BROWN.

Suffolk. Nov. 11, 1881. — March 1, 1882. MORTON, C. J., W. ALLEN & C. ALLEN, JJ., absent.

A. entered into a written contract to erect a building for B., the contract including the roofing, and employed C. to do the roofing. After the building was completed, B. took possession of it, and A. gave C. an order on B. for the amount of his bill for the roofing, which B. refused to accept, saying that he preferred to wait and see how the roof proved before paying. A. and B. afterwards met for a settlement, and B. complained that the roof leaked; and it was thereupon agreed between them that B. should pay A. all that was due him under the contract except the amount due for roofing, and should give a due-bill for the latter amount; which he did, payable to C. when the roof was made satisfactory. A. gave this due-bill to C., who afterwards did some work for the purpose of making the roof satisfactory, and then sent a bill to B. for the whole work, which he refused to pay, on the ground that the work was not done according to the contract. C. then brought an action against B. upon an account annexed for work and materials. *Held*, that the action could not be maintained.

CONTRACT upon an account annexed for work and materials. Answer, a general denial. Trial in the Superior Court, before *Putnam*, J., who reported the case for the determination of this court, in substance as follows:

It appeared in evidence that the defendant made a written contract with J. F. Tilley, by which the latter was to erect a building for him in Hyde Park, the contract including the roofing; that Tilley informed the defendant that he was going to employ the plaintiffs to do the roofing, and the defendant said that he thought Tilley could get it done as well by others as by the plaintiffs, but Tilley employed the plaintiffs, telling them that the defendant " had money to pay the bills; " that the building was begun about October 1, 1878, and was completed in March 1879, and the roofing was done by the plaintiffs in December 1878; that the defendant took possession of the building in February 1879, and has had the use and occupation of it since that time; that on April 1, 1879, Tilley gave the plaintiffs an order on the defendant for the amount of their bill, which he refused to accept, saying that " he preferred to wait and see how the roof proved before paying," and the order was returned to the plaintiffs; that on May 17, 1879, Tilley and the defendant met for a settlement, and the defendant said " he was ready to settle as soon as the roof was made tight," complaining that it leaked; that it was thereupon agreed between them that the defendant should pay Tilley all that was due him under the contract except the amount due for roofing, and should give a due-bill for the latter amount, saying that " he would pay the due-bill when the roofing was tight; " that on that day he signed the following due-bill: " Due Farquar's Sons two hundred and three and $\frac{20}{100}$ dollars, payable when tin roof on Neponset Block is made satisfactory and on surrender of J. F. Tilley's order for this sum; " that Tilley gave the due-bill to the plaintiffs, and after that had nothing to do with the due-bill or the building.

The plaintiffs testified that, after receiving the due-bill, they did some work for the purpose of making the roof satisfactory, and then sent a bill to the defendant for the whole work, which he refused to pay, on the ground that the work was not done according to the contract; that they made no contract with the

defendant, but were employed by Tilley, who told them at the time that the defendant would pay the bills.

Upon this evidence, the defendant contended, and asked the judge to rule, that there was no evidence upon which the jury could find that the defendant was liable. The judge so ruled, and directed a verdict for the defendant. If the ruling was correct, judgment was to be entered on the verdict; otherwise, a new trial to be ordered.

*J. C. Ivy & J. S. Patton*, for the plaintiffs.

*O. T. Gray & W. C. Cogswell*, for the defendant, were not called upon.

LORD, J. The ruling of the justice of the Superior Court in this case was right. So far as there is any evidence in the case, the work of the plaintiffs was not done at the request of the defendant, nor in law for his benefit, nor was it done upon his promise to pay for it. It was done at the request of Tilley, and for the benefit of Tilley, and upon his promise to pay. If there were ever any privity of contract of any nature between the plaintiffs and the defendant in reference to this claim, it arose from the giving of the due-bill, and there is no other evidence in the case which has any tendency to show any express or implied contract between the plaintiffs and the defendant.

But that due-bill is not declared on; it is an entire promise, and made dependent upon a condition precedent. There is no evidence that the condition was performed, nor, apparently, do the plaintiffs contend that it has been performed so as to give vitality to the due-bill as a due-bill. All the facts in the case are very clear and simple. The defendant made a contract with Tilley to erect an entire building, including the roofing. Tilley suggested to the defendant that he thought of employing the plaintiffs to do the roofing. The defendant was dissatisfied, and preferred that the plaintiffs should not be employed; but he had no right to interfere with or prevent their employment by Tilley; and Tilley, upon his own account, employed the plaintiffs to do the work. When the work was done, the defendant contended that it was improperly done, and not so done as to be in conformity with the contract, or to require him to pay for it. This complaint, however, was made to Tilley, who had agreed with the defendant

to do the work, and not to the plaintiffs, with whom the defendant had no contract. He paid Tilley for all the work which was properly done. He refused to pay him or any one else for the roofing, because it was not properly done. He then gave to Tilley the due-bill which is referred to, which due-bill Tilley passed to the plaintiffs.

It may be assumed that such a due-bill is a sufficient memorandum in writing to support a promise to pay the debt of another, and that the promise was upon sufficient consideration; but, as said before, it was an independent contract, which implied no promise beyond what was in it; it is not declared on; it is conditional, and there is no allegation or proof of the performance of the condition. *Exceptions overruled.*