LAURA THERRIEN *vs.* ARTHUR H. LEBLANC.

Middlesex.    December 8, 1932. — March 29, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Contract*, What constitutes, Implied, Of employment.

Where, at the trial of an action of contract against the husband of the plaintiff's sister for compensation for personal domestic service, there was evidence warranting a finding that the defendant during the six years previous to the commencement of the action expected to pay a reasonable sum for the services rendered by the plaintiff or that, not expecting to pay for them, he knew that the plaintiff expected to be paid therefor and nevertheless accepted her services, it was proper to refuse to order a verdict for the defendant.

CONTRACT.   Writ dated July 1, 1930.

In the Superior Court, the action was tried before *Greenhalge*, J.   Material evidence is described in the opinion. The judge denied a motion by the defendant that a verdict be ordered in his favor.   There was a verdict for the plaintiff in the sum of $956.88.   The defendant alleged exceptions.

*W. D. Regan*, for the defendant.

*J. D. O'Hearn*, (*F. C. Zacharer* with him,) for the plaintiff.

PIERCE, J.   This is an action of contract to recover compensation for personal domestic services, alleged to have been rendered to the defendant by the plaintiff from May, 1910, to March 1, 1930.   The writ is dated July 1, 1930. The answer is a general denial, payment and the statute of limitations.

The material facts are in substance as follows: The defendant, in 1910, married a sister of the plaintiff and came

to live at the house of his wife, which contained two rooms. The family of the wife then consisted of the plaintiff (her sister) and the wife's daughter, Yolande, the fruit of a previous marriage. The plaintiff then said to her sister and the defendant: "I didn't know if I was going to stay there," and the defendant said that she "could stay there and keep on working and they would take care of me and if anything should happen, that they died or anything, that there would be money left for me." The plaintiff thereafter continued to live at her sister's house, except for short intervals, doing some housework, and receiving her living, her clothes, and small sums of money weekly varying from fifty cents to $2. Her sister and the defendant engaged in various small business undertakings and treated the plaintiff as one of the family. In 1915 she left the home of her sister and the defendant and lived with her brother and sister-in-law for two or three months. Then her sister and the defendant came to her and her sister said she wanted her to come back, that she needed her, and she replied that "she would if they would give her some money." Her sister said "she did not have to worry because if anything should happen to them that there would be money left for her"; and, coming home, the defendant said about the same thing. After she returned to the home of her sister she continued doing some housework as theretofore, receiving her living, her clothes and small sums of money. Sometime before December, 1929, the defendant's wife became ill and the plaintiff aided in caring for her. After a conversation with his wife the defendant commenced paying the plaintiff $2 a week, and paid her such sum up to the period of the death of her sister in December, 1929. Thereafter the defendant continued paying the plaintiff $2 a week. Early in March, 1930, she left the defendant's home. The evidence warranted the finding that the defendant had not paid the plaintiff anything for six weeks prior to her leaving; that she then asked for money and he gave her $10. The defendant, in rebuttal, testified that he permitted the plaintiff to live at his home because she was the sister of his wife; that prior to the illness of his

wife, he had no expectation of paying the plaintiff for any services; that he never made any claim to the plaintiff of indebtedness to him for board and lodging or clothing; that he did expect after his wife's death to pay her $2 a week; and that he paid all he owed her.

At the close of the evidence the defendant duly moved that the judge instruct the jury to return a verdict for the defendant. This motion was denied and the defendant duly excepted.

The judge submitted the case to the jury upon the following special questions: 1. "Were the services, if any, rendered by the plaintiff in the expectation that the plaintiff would be paid for them by the defendant and under circumstances from which the defendant understood or should have understood as a reasonable man that the plaintiff expected to be paid for them?" 2. "If the first question is answered in the affirmative, what was the reasonable value of the services so performed by the plaintiff: (a) During the entire period of performance? (b) During the period of six years prior to the termination of such services in March, 1930?" After the jury retired the judge ruled, without exception by the plaintiff, that the statute of limitations applied to the alleged services and that the only recovery the plaintiff could have would be covering the six years prior to the commencement of the action, July 1, 1930. Thereafter the jury reported as follows: "To question number 1, the jury answered 'Yes.' To question number 2 [a], the jury answered '$1,904.' To question number 2 (b) the jury answered '$864.'" The judge then directed "the jury to return a verdict under 2 (b) for the amount there and interest." The jury reported its verdict for the plaintiff and assessed damages in the sum of $956.88. To this order the defendant excepted.

There was no error in the refusal of the judge to direct a verdict for the defendant. The undisputed facts clearly warranted the jury in finding that the plaintiff expected to be paid ·a reasonable sum for her services rendered the defendant for the entire period of her performance. The defendant was not injured by the limitation of the right of

recovery to a period covering six years prior to the commencement of the action. The evidence warranted a finding that the defendant during the six years prior to the commencement of the action expected to pay a reasonable sum for the services rendered or, not expecting to pay for them, knew that the plaintiff expected to be paid therefor and, knowing her attitude, nevertheless accepted her services. In either supposed case a verdict for the defendant could not rightly have been ordered. *Spencer* v. *Spencer,* 181 Mass. 471, 473. *Sherry* v. *Littlefield,* 232 Mass. 220.

As the entire case has been fully tried and a finding made by the jury for the plaintiff on every essential issue, it follows that the exceptions of the defendant must be overruled.

*So ordered.*