ARTHUR R. LaCHANCE & another *vs.* JAMES RIGOLI
& others.

Essex.    November 7, 1949. — March 7, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Contract*, Implied, Building contract.

No implied contract requiring an owner of land to pay a builder for the
construction of a building arose from the mere facts that the building
was constructed on such land pursuant to a written contract between
a tenant thereof and the builder, and that the owner assented to its
construction.

BILL IN EQUITY, filed in the Superior Court on May 1,
1948.

The suit was heard by *Sullivan*, J., upon a master's report.

*J. J. McDonnell*, for the defendant Cyr Oil Company.

*E. F. Cregg*, for the plaintiffs, submitted a brief.

WILLIAMS, J.   In this suit in equity the facts have been
found by a master appointed by the Superior Court.

On October 7, 1947, the defendants Rigoli and Robinson,
who were tenants of a gasoline filling station in Lawrence
owned by the defendant Cyr Oil Co., contracted in writing
with the plaintiffs, who were builders, for the construction
of an addition to the filling station.   The building was sub-
stantially completed in December.   Of the amount due un-
der the contract, plus a small amount for extras, the ten-
ants had paid the plaintiffs $3,350 by the end of January,
1948.   After credits based on certain allowances the tenants
then owed the plaintiffs a balance of $2,314.

The present bill was brought in May, 1948, to recover so
far as the tenants are concerned the balance due under the
contract, Cyr Oil Co., the owner of the filling station, being
joined with its tenants as defendants.   The master's report

was confirmed on motion of the plaintiffs, and a final decree entered adjudging all defendants to be indebted to the plaintiffs in the sum of $2,314 with interest, and ordering the same to be paid. From this decree Cyr Oil Co. has appealed.

The evidence is not reported. The findings of the master are not mutually inconsistent, contradictory or plainly wrong, and are binding on us. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330. As he made no ultimate finding as to the liability of Cyr Oil Co., this court must draw such inferences as it deems proper from the subsidiary findings, and this should be done without regard to the inferences drawn by the Superior Court. *Robinson* v. *Pero*, 272 Mass. 482, 484. *Morin* v. *Clark*, 296 Mass. 479, 485.

The master found: "The 'owner' of said land was aware of the fact that the 'tenants' were in the act of negotiating with the 'builders' for the erection of said filling station and prior to the commencement of said work submitted to the 'tenants' and 'builders' for their approval plans in its own possession, which said plans were the guiding instrument save for certain changes in the erection of said filling station." "The 'owner' agreed and did furnish a hoist during the construction of said filling station and caused it to be erected in said building and . . . under further terms entered into with the 'tenants' also agreed to and did furnish the heating equipment in said building, upon the completion of said structure." "The 'owner' was aware of the progress of said work shortly after the work had been undertaken by the 'builders.'" "The 'owner' and 'tenants' before, during and after the construction of said filling station carried on negotiations between themselves for the sale of said land, which sale was not brought about or completed because they could not come to satisfactory terms based on the purchase price." "The 'builders' were never given to understand from or by the 'owner' or its agents that said 'owner' was to be held accountable or liable for any charge or charges for the erection of said filling station." "The 'builders' and the 'tenants' continued their relationship of creditor and debtor in a friendly way for some

months following December of 1947, the 'builders' relying on the 'tenants'' promise of payment upon obtaining a mortgage loan from a local bank."

From these findings it appears that the plaintiffs furnished labor and materials for the building and expected to be paid for them but not by the owner of the land. Cyr Oil Co. assented to the erection of the building on its land and knew that the plaintiffs intended to be paid for their work, but that the payments were expected by the plaintiffs to be made by the tenants under the written contract. No implied contract can be found here between the plaintiffs and the owner. See *Spencer* v. *Spencer*, 181 Mass. 471; *McKenna* v. *Twombly*, 206 Mass. 62; *Butler* v. *Butler*, 225 Mass. 22; *French* v. *Bray*, 263 Mass. 121, 123; *Tower* v. *Jenney*, 279 Mass. 208; *Therrien* v. *Leblanc*, 282 Mass. 328; *Macomber* v. *King*, 288 Mass. 381. The present situation is analogous to one where a landowner has contracted to have a building erected on his land, and his contractor has employed a subcontractor to perform part of the work. On the failure of the contractor to pay the subcontractor, the latter may not recover against the landowner. *Farquhar* v. *Brown*, 132 Mass. 340. The contracting party must look for payment to the one to whom credit was extended when the work was done, that is, the one who was expected to pay and who in fact expected to pay or as a reasonable man should have expected to pay. See Restatement: Restitution, § 110; *Anderson* v. *Fuller*, 18 Pick. 572; *Massachusetts General Hospital* v. *Fairbanks*, 129 Mass. 78, 81; *Maynard* v. *Fabyan*, 267 Mass. 312. There is no legal presumption arising from ownership that the owner of the fee is liable for repairs on his buildings, *Tripp* v. *Hathaway*, 15 Pick. 47, 48, and one cannot, merely by erecting a house on the land of another, compel him to pay for it, even if the land is benefited by the erection of the structure. *O'Conner* v. *Hurley*, 147 Mass. 145, 148.

The decree must be modified by striking out the provision that Cyr Oil Co. is indebted to the plaintiffs and is ordered to pay them the sum of $2,314 with interest. In its place

there is to be inserted a provision that as to Cyr Oil Co. the bill is dismissed with costs. As so modified the decree is affirmed.

*So ordered.*