Welsh, P. J.
These cases come before the Appellate Division upon a report as established by a justice of this division to whom the matter was referred for hearing and disposition[2]. Rule 64(e) Dist./Mun. Cts. R. Civ. P. In the first action, Heuler sought to recover for the furnishing and installation of tile at a “Pon-derosa” Steak House in Dartmouth, Massachusetts. In the second action, Betsy and Arthur Speros claimed damages for malicious prosecution against Heuler Tile Company, and Heuler Tile counterclaimed for work and materials. In the first action, Heuler Tile was granted leave at trial to amend its complaint to conform to the evidence by incorporating the theory of quantum meruit. Rule 15(b), Mass. R. Civ. P.
The court found in favor of Heuler Tile Company on its complaint for labor and materials in the sum of $12,800.00. Interest was awarded at 18% per annum from June 11, 1976. The court also awarded $4,300.00 attorneys’ fees against Arthur Speros and County Properties Trust. The court dismissed the complaint against Heuler for malicious prosecution. No appeal was taken from the dismissal of that claim.
The defendants Speros and County Properties sought appellate review, claiming to be aggrieved by the admission of certain evidence offered by Heuler Tile, the allowance of Heuler Tile Company’s request for rulings, the denial of certain requests for rulings offered by the defendants, the alleged inconsistency in the trial court’s allowance of certain requests and its finding against the defendants, and the denial of the Motion to Correct Inconsistencies, To Amend Judgment, or Alternatively, to Grant a New Trial.
The evidence in the report material to the questions reported was as follows:
*195 Heuler Tile Company and Arthur T. Speros, entered into a written contract whereby Heuler Tile was to furnish and install tile at a “Ponderosa” Restaurant in Dartmouth. Speros executed the agreement as trustee of County Properties Trust. The agreed price was $12,800.00. The work was to be done in a good and workmanlike manner. Heuler agreed to provide Workmen’s Compensation Insurance and Public Liability Insurance where required. Interest and collection fees were to accrue from 60 days of the billing date at the allowable rates under state law, including attorneys’ fees incurred in collection. Betsy K. Speros did not execute the agreement. Heuler dispatched men and materials to the site and installed all but 18 to 20 pieces of tile which could be accomplished in one half hour to one hour. There was evidence that the reason that this work was not done was that an installation for which someone other than Heuler Tile was responsible was not completed. There was no evidence that Heuler Tile provided Workmen’s Compensation of Public Liability Insurance.
Betsy K. Speros never had any conversations, correspondence, communications or dealings of any kind with Heuler Tile. She allowed her husband, Arthur, to handle all matters pertaining to the trusts on her behalf.
There was evidence that the site for the “ Ponderosa’ ’ Restaurant consisted of two parcels of land: title to one parcel was in the name of Northeastern Properties Trust, Betsy and Arthur Speros, Trustees; the other parcel was in the name of Arthur T. Speros, Trustee of Northeastern Property Trust. The evidence was unclear as to which of the two parcels Heuler Tile did the work and supplied the materials in question.
Copies of the trust instrument of County Properties Trust and Northeastern Properties Trust were admitted as exhibits. County Properties Trust was recorded at the Middlesex County Registry of Deeds and Northeastern Properties Trust was recorded at the Bristol County Registry of Deeds. The trust indentures were not recorded either with the office of the Secretary of the Commonwealth or at Somerville City Hall, the alleged place of business of the trusts. Betsy and Arthur Speros were trustees under both instruments of trust.
Heuler billed County Properties Trust for the work, but was not paid.
We affirm so much of the judgment as awards damages in the sum of $12,800.00 against Arthur T. Speros and against County Properties Trust. Interest on said amount is to be computed at 8% per annum from June 11, 1976 to the date of entry of judgment. The award of counsel fees in the amount of $4,300.00 is to be vacated and so much of the judgment as awards damages against Betsy Speros and Northeastern Properties Trust.
We first consider evidentiary rulings of the trial judge, concerning which the defendants duly requested a. report. Rule 64(a), Dist./Mun. Cts. R. Civ. P.
1. The defendants complain that the judge admitted into evidence over objections the testimony of one Robert Flesch, an employee of Heuler Tile Company, based upon the fact that he lacked familiarity with the subject of the action, as manifested by the fact that he was not present at the job site while the work progressed, and personally observed the work only on the eve of the trial. The report discloses that Flesch was the person who had calculated the job in queston; that he had 20 years experience in the tile trade; that he had estimated the price for such installations for 12 years; that he had done the estimates for approximately 150 “Ponderosa” Restaurants, all of which were substantially similar one with another. There was ample basis, in our view, for the trial judge to conclude that the witness was sufficiently familiar with the subject matter to testify. Varney v. Donovan, 356 Mass. 739 (1970). A qualified expert witness is not required to actually observe the property in question to express an opinion as to *196 the fair value of improvements thereon. Boston Gas Co. v. Assessors of Boston, 334 Mass. 549, 574 (1956).
2. The judge committed no error in permitting Flesch to testify as to his opinion as to the fair value of the work done and materials furnished. The amendment to the pleadings was within the discretion of the trial court. Rule 15(b), Mass. R. Civ. P. Evidence of the fair value of the work and materials to the defendants was clearly material on the claims in quantum meruit. Heyeck Building & Realty Co., Inc. v. Turcotte, 361 Mass. 785, 789-790 (1972); Megizsky Electric Co. v. Adams Home Modernizing & Cons. Co., 40 Mass. App. Dec. 35, 39 (1968).
3. The judge permitted the introduction into evidence of a written guarantee signed by Betsy Speros. This guarantee was executed on April 22, 1975, approximately one year before Heuler Tile Company was engaged by Arthur Speros to install the tile at the site in question. As is apparent from the judge’s findings, this document was admitted as some evidence tending to show that Betsy undertook to guarantee payment of funds advanced by the bank to Arthur both individually and as trustee. The report of evidence is deficient in this regard, since there is no evidence relating this guarantee with the funding for this particular project. Although the judge in his special findings indicates he considered this guarantee as some evidence of Betsy’s knowledge of the work, implying such knowledge as a basis for imputation of her liability on an implied contract, her execution of such a guarantee a year before the engagement of Heuler Tile Company provides a tenuous basis at best for such imputation. Such evidence might have been admitted because of its tendency to show Betsy collaborated with her husband and was in effect a coventurer with him. In any event, the defendants have failed to demonstrate substantial prejudice in its admission. In a similar vein, evidence of her financial dealings with the trust, although collateral in itself, might, together with other evidence, permit the inference of a co-venture.
We turn now to a consideration of the judge’s conclusions on the issues of liability of the various parties.
4. The judge warrantably found that Arthur T. Speros became liable individually and as trustee of County Properties Trust for the fair and reasonable value of the work performed and the materials furnished by Heuler Tile Company. This conclusion is amply supported by his subsidiary findings that Heuler Tile Company substantially performed its contract and that any work remaining to be done was minimal. We infer that the judge found that Heuler Tile Company attempted in good faith to perform its- contract, but was unable to render complete performance because necessary preliminary work, not within the contract of Heuler Tile Company, was not completed. Failure to provide workmen’s compensation or public liability insurance, even if it may be assumed that it was required, was not in any way prejudicial to the defendants. We regard such a departure from the contract as so trifling as to fall within the rule aide minimis. Albre Marble & Tile Co. v. Goverman, 353 Mass. 546, 549, 550 (1968), and cases cited therein. While we recognize that an intentional departure from the terms of a contract without justification or excuse will bar a recovery for the fair value of materials supplied and work performed, a failure to comply with a stipulation of a contract that is within the rule of de minimis will not preclude recovery in quantum meruit. Hayeck Building & Realty Co., Inc. v. Turcotte, 361 Mass. 785, 789, 790 (1972); Russo v. Charles I. Hosmer, Inc., 312 Mass. 231, 232, 233 (1942).
Since Heuler Tile Company did not completely and strictly perform all the stipulations of its contract, there cannot be a recovery on the contract. Keene v. Gould, Mass. App. Ct. 731 (1975); Andre v. Maguire, 305 Mass. 515, 516 (1940). *197 Where the special contract between the parties has terminated by any means other than the voluntary refusal by the plaintiff to perform and the defendant has actually received benefit from the labor performed and materials furnished, the value of such labor and materials maybe recovered upon a count in quantum meruit, in which case the actual benefit received by the defendant is the measure of damages. Fitzgerald v. Allen, 128 Mass. 232, 234 (1880). The contract price has significance only insofar as it bears upon the value of the services rendered. Id., at 234; Kass v. Todd, 362 Mass. 169, 175 (1972). The determination that the fair value amounted to $12,800.00 is amply supported by the testimony of Flesch. While such elements as taxes and other items of overhead may properly be considered in arriving at fair value, [See Wolk v. Teich, 23 Mass. App. Dec. 5, 11 (1961)], the contractual provisions for attorneys’ fees in the event of collection action and for interest fixed by the court at 18% per annum are not, in our view proper elements of damage in quantum meruit on the basis of the record before us. The general rule is that in the absence of a special statute or an agreement by the party to be charged to pay counsel fee, each party must bear the expenses of litigation. Fuss v. Fuss, 372 Mass. 64, 70 (1977); Chartrand v. Riley, 354 Mass. 242, 244 (1968). We take judicial notice that many commercial contracts for furnishing labor and materials contain no such provision. Obviously, such a stipulation is of no benefit to the defendants. Benefit in this context means the value of performance rendered. M. Ahern Co. v. John Bowen Co., Inc., 334 Mass. 36, 39, 40 (1956). We conclude that so much of the judgment as awards attorneys’ fees and interest at the contract rate must be set aside.
5. The court’s determination that Arthur T. Speros was liable individually and as trustee of County Properties Trust was warranted. A trust is not a legal entity as a general rule and, unless it is a trust with transferable shares and otherwise meets the requirements of a so-called Massachusetts Trust, the trustee in his individual capacity embodies the trust. The contracts that he makes as a trustee are his contracts and he may sue on them in his own name as well as be subject to suit. Larson v. Sylvester, 282 Mass. 352, 357-358 (1933). The principal difference with respect to a trust under the provisions of General Laws Chapter 182 is that the trust itself can be sued. Id, at p. 359. The trustee still remains liable personally. However, as the Larson case recognizes, a trustee can insulate himself from personal liability by procuring the agreement of the party to look only to the trust estate for payment. To accomplish this, simply describing himself as a trustee in the contract with the party with whom he deals is sufficient. Philip Carey Co. v. Pingree, 223 Mass. 352, 353 (1916). There is no evidence in the record that Heuler Tile Company had actual knowledge of the provision in the trust instrument purporting to limit the liability of Arthur Speros as trustee, or in fact agreed to look only to the trust estate for payment. In the absence of evidence of any express or implied agreement to that effect, the trustee is not insulated from personal liability. Dolben v. Gleason, 292 Mass. 511, 514 (1935); compare McCarthy v. Parker, 243 Mass. 465, 468 (1923). We do not reach the question of the judge’s finding that the trusts were not properly recorded, since such considerations would be germane only if constructive knowledge of the contents of the trust instruments was sufficient to exculpate Arthur Speros from personal liability.
6. The findings by the judge against Betsy Speros and against Northeastern Properties Trust are not warranted on the basis of the evidence contained in the report. Neither Betsy Speros nor Northeastern Properties Trust were signatories to the written contract. Nor was there any evidence of adoption or ratification upon which to predicate the order for judgment against Betsy and *198 Northeastern Properties. We part company with the trial judge who concluded that Betsy was liable on an implied contract. Although the name of Northeastern Properties Trust appears in the contract, Arthur Speros signed as trustee of County Properties Trust. Nowhere does it appear that Northeastern Properties Trust was a party to the agreement. The fact that Arthur was a co-trustee along with Betsy of Northeastern Properties Trust is not sufficient in itself to render either that trust of Betsy, the co-trustee, liable either on the express contract or in quantum meruit. The law will not imply a contract where there is an existing express contract covering the same subject matter. Zarum v. Brass Mill Materials Corp., 334 Mass. 81, 85 (1956); Turner v. Buttrick, 272 Mass. 261, 264 (1930). The mere fact that one party is the spouse of another does not warrant a finding of agency or privity. Hannon v. Schwartz, 304 Mass. 468, 470 (1939); Harvey v. Squire, 217 Mass. 411, 414 (1914). Such agency must be proved. Lonnqvist v. Lammi, 242 Mass. 574, 577 (1922).
In order to recover in' quantum meruit, it must appear that the work was performed under circumstances warranting a finding that the plaintiff expected the defendant to pay for the work, that the defendant acted with that expectation, and that the defendant permitted the plaintiff so to act without objection. Albert v. Boston Mortgage Bond Co., 237 Mass. 118, 121 (1921); Home Carpet Cleaning Company, Inc. v. Baker, 1 Mass. App. Ct. 879, 880 (1974). There is no evidence that the plaintiff expected Betsy or Northeastern Property Trust to pay for this work at the time the contract was made. The contracting party must look for payment to the ones to whom credit was extended when the work was done. LaChance v. Rigoli, 325 Mass. 425, 427 (1950). The evidence in this case does not warrant a finding that Betsy was in privity with her husband Arthur. The mere fact that she had a beneficial interest in the property along with her husband upon which the plaintiff erected an improvement is insufficient to warrant an inference of agency. Wetherbee v. Matowitz, Mass. App. Div. Sh. (1977) 1079, 1086-1088, aff'd 375 Mass. 784 (1978). Nor does the theory of unjust enrichment afford a basis of recovery under the circumstances. Douillette v. Parmenter, 335 Mass. 305, 307 (1957). There was no evidence of overreaching or fraud by Betsy. Palmieri v. Palmieri, 1 Mass App. Ct. 862 (1973).
Much the same considerations apply to Northeastern Properties Trust. There was not sufficient evidence to inculpate the trust soley because legal title to the land was in the name of the trust. Cf. LaChance v. Rigoli, supra, at 427. As is evident from the previous discussion, there was no evidence in the report that Betsy did any act that would permit the inference of liability against her individually. While it is true that there was evidence that Betsy permitted Arthur to act on her behalf as to matters pertaining tó the administration of the trust, there was no evidence that Arthur ever acted in such a way as to inculpate Northeastern Properties Trust. When he signed the contract, he purported to act for County Properties Trust. Although Northeastern Properties Trust is referred to in the contract, nowhere does it appear that it was either a signatory or an “undisclosed principal.”
We recognize that findings of fact based upon oral evidence are not reviewable, and that the sufficiency of evidence to warrant findings should be made the subject of appropriate Requests for Rulings. Reid v. Doherty, 273 Mass. 388, 389 (1930). Appropriate requests were presented raising the question of the sufficiency of evidence. We deem it unnecessary to discuss these in detail because of the number involved. We conclude that the question of sufficiency of evidence to warrant the general and subsidiary findings is properly before us. The special findings of fact and the general findings on the crucial issues of liability are not a *199 substitute for evidence that is lacking in the report. Generally, special findings cannot supply evidence that is lacking unless it is clear that the findings were intended to be a further statement of evidence. Olofson v. Kilgallon, 362 Mass. 803, 805 (1973). This is not the case here. For example, the judge found that Betsy knew of the work done by the plaintiff and cites as an instance the guarantee she signed. This is not sufficient in and of itself to permit the rational inference that she knew of the work done. He found that the funds guaranteed were used in the project. There is no evidence from which a reasonable trier of fact could infer such a fact.
The report presents a number of practical difficulties. The judge who conducted the trial was not able to complete his work by settling the report or by disallowing it with a statement of reasons for its disallowance. Considerable time had elapsed by the time the report was established, and still more time expired before oral argument and the promulgation of this opinion. The nature of appellate review in the district courts is such that we consider only that evidence which is included within the report.
It is ordered that so much of the judgment as awards counsel fees and interest at 18% per annum against Arthur T. Speros and County Properties Trust is vacated. The finding for $12,800. against Arthur T. Speros and County Property Trust is affirmed. The plaintiff is entitled to interest at 8% per annum from June 11, 1976 until the date of entry of the judgment and to taxable costs. The judgment against Betsy Speros and Northeastern Properties Trust is to be vacated and the action is to be dismissed as to those defendants.

So ordered.

The trial justice retired while proceedings to settle the report were pending. See Rulo 63, Dist./Mun. Cts. R. Civ. P.