Dohoney, J.
This is an action of tort wherein the plaintiff seeks to recover for certain personal injuries sustained while working at certain premises in Clinton, Massachusetts. The defendant provided electric service to the *45 premises. The Trial Justice found for the plaintiff in the sum of $2,500.00.
The Report states that there is evidence tending to show that:
On August 2, 1979, the plaintiff was an independent contractor and was working above the porch roof at the premises of Manuel Sylvia, Jr., 44 Flagg Street, Clinton, Massachusetts.
To obtain access to the porch roof, the plaintiff used two ladders. An aluminum ladder extended from the sloped ground to below the peak of the roof. A wooden ladder was placed on the top of the metal slanting roof and extended beneath the peak of the main roof.
The plaintiff was transferring from one ladder to the other when the aluminum ladder slipped and the plaintiff fell onto the porch roof. The defendant presented evidence at the trial tending to show that the plaintiff pulled down the electrical service wires onto himself when the aluminum ladder slipped. This evidence included testimony by witness James Chalke, who testified that after the accident, the plaintiff admitted that he slipped and pulled down the electric service wires. A report prepared by witness Chalke containing these facts was admitted into evidence. (Def. Ex. 8)
Furthermore, a report of witness Donald McCormick admitted into evidence (Def. Ex. 9) confirmed the fact that the plaintiff admitted pulling down the wires.
Defendant’s Ex. 7 showed the broken area of the fascia board, and testimony of Mr. Chalke explained that the broken condition of the fascia board was caused by a force exerted on the wires.
Defendant’s Exhibits 4and 5 showed the ladders and the presence of three insulators in good condition. Each insulator held a wire to the Sylvia premises, and all three insulators had been torn from the fascia wood.
The plaintiff contended that “the clamp” holding the wires to the house was defective. No evidence was introduced at trial to prove that “the clamp” was defective, and no evidence was introduced at trial to prove that “the clamp” was defective, and no evidence was introduced to prove that the defendant was negligent in any way.
At the close of the trial, the defendant made the following Request for Rulings:
1. The facts of this case, when construed most favorably to the plaintiff, warrant a finding for the defendant.
2. The plaintiff did not prove by a preponderance of evidence that the defendant owed a duty to the plaintiff.
3. The plaintiff did not prove by a preponderance of evidence that the defendant breached any duty to the plaintiff.
4. The plaintiff did not prove by a preponderance of evidence that the damages complained by plaintiff were proximately caused by the breach of any duty owed by defendant to the plaintiff.
5. The plaintiff did not prove by a preponderance of evidence that he suffered injuries as a result of the breach of any duty owed to the plaintiff by the defendant.
6. The plaintiffs injuries were the result of the plaintiffs contributory negligence.
The court denied the defendant’s requests.
The Trial Justice made findings of fact and found that “the clamp securing the wires broke” and that the “defendant was negligent in the maintenance of its clamps and caused the injuries suffered by the plaintiff.”
Both Mass. Rule of Civil Procedure, Rule 52 (a) and Dist./Mun. Cts. R. Civ. P., Rule 52 (a) provide that “findings of fact shall not be set aside unless clearly erroneous and due regard shall be given to the witnesses.” See also Guanci v. *46 St. Paul Fire and Marine Insurance Company, 1983 Mass. App. Div. 238. A finding of fact is clearly erroneous when it is against the clear weight of the evidence. Record v. Aetna Life and Casualty, 1983 Mass. App. Div. 271: See SMITH AND ZOBEL, RULES PRACTICE, 8 MASS. PRACTICE SERIES, § 52.7.
In applying these standards, we must look to the Report to determine the status of evidence. The Report should contain, among other things, “any other facts essential to a full understanding of the question presented.” Mass. Rules of Civil Procedure, Rule 64 (c) (2). The nature of appellate review in the District Court is then such that there is only considered the evidence which is included in the report. Heuler Tile Company v. Speros, 1983 Mass. App. Div. 194.
A review of the evidence in the report fails to show any basis for the finding that the “clamp broke.” In fact, the evidence in the Report supports the opposite conclusion. It states that the insulators (clamps) were in good condition and that no evidence was introduced at trial to prove that the clamp was defective. With respect to the finding that the defendant was negligent in the maintenance of its clamps, there is likewise no basis in the Report for that finding. The Report does not contain any evidence of negligence and specifically states that “no evidence was introduced to prove that the defendant was negligent in any way.”
Thus, there is no evidence in the Report to support the findings made and they must be set aside.