Dolan, RJ.
This is a third party action in which plaintiff seeks to recover amounts allegedly due from defendants, the general partners of a limited partnership, for architectural services rendered to that portion of defendants’ premises that were leased by defendants to a commercial tenant Defendants answered, alleging they have no liability because plaintiff’s services were rendered to defendants’ tenant and not to defendants. The court made no special findings of fact and allowed all of defendants’ requests for rulings of law. The court found for the plaintiff, and defendants have appealed alleging that the court allowed certain requests for rulings as correct statements of the law, but did not apply that law to the facts of the case. We affirm.
Plaintiff’s complaint contains two counts, one for breach of contract, and one for quantum meruit damages. The court found for the plaintiff on its count for quantum meruit but did not find for the plaintiff on its count for breach of contract. Defendants argue that where the contract count fails, the quantum meruit count must also fail. There is no merit to this argument.
It is elementary in the law of contracts that the assent to the terms of an agreement must be mutual and a contract obligation does not arise where there is no agreement as to its terms. There is no contract where the parties’ minds never meet. Nevertheless, the law implies an obligation to pay for what has been done in certain circumstances. Lonnqvist v. Lammi, 240 Mass. 371, 373-374 (1922). In the absence of a contract, in these circumstances where a plaintiff seeks the fair value of goods and services by way of an implied contract, the remedy of quantum meruit is the appropriate remedy. Fay Spofford & Thorndike, Inc. v. Massachusetts Port Authority, 7 Mass. App. Ct. 336, 341 (1979). There is now a widespread practice of pleading contract claims and quantum meruit claims in the alternative. BISHOP, PRIMA FACIA CASE, 3d edition §18. Simply because the court did not find for the plaintiff on its contract count, does not mean the court could not have found for plaintiff on its implied contract count.
Defendants next argue that by allowing two of their requests for rulings of law, the court was required to find for the defendants, these requests are:
In the absence of a valid contract, a plaintiff cannot recover in quantum meruit for his services where the reasonable expectation was that the payment would be made by another. BISHOP, PRIMA FACIA CASE - PROOF AND DEFENSE (17 Massachusetts Practice Series, 1987), §198.
There is no obligation implied in law for a landlord to pay for construc *36 tion services rendered to a tenant, even if the landlord’s property is benefited by the services. LaChance v. Rigoli, 325 Mass. 425 (1950).
Defendants are correct in that a finding for the defendants would be required in this case if the only evidence was that payment to the plaintiff would be made by someone other than the defendants. LaChance v. Rigoli, 325 Mass 425, 427 (1950). However, if there was evidence of an express, or an implied promise to pay by defendants, such a finding is not required. Oatley v. Duprey, 312 Mass 281, 285 (1942). In this case, there was such evidence.
There was evidence that plaintiff was hired to do preliminary plans and a study on space utilization on defendants’ premises prior to the premises being subdivided for rent to various tenants. Bills were submitted by plaintiff to Martin Bernard, (hereafter “Bernard”) one of the general partners of the partnership. These bills were paid. Prior to four other tenants occupying space leased from the partnership, plaintiff met with Bernard and with these tenants to prepare plans. Thereafter, plaintiff performed services on the premises leased by defendants to these tenants. Bernard requested that plaintiff bill the partnership for the services. Plaintiff billed either Bernard or the partnership and received payment for these services.
As to the claim at issue, plaintiff performed architectural services for that portion of the partnership’s premises leased by the partnership to a commercial tenant. Once again, plaintiff sent a bill to the partnership. Bernard contacted plaintiff and requested that the bill be divided, one bill categorized as “tenant’s work” and one categorized as “landlord’s work.”
Plaintiff complied with this request. The bill categorized as “landlord’s work” was paid; the bill categorized as “tenant’s work” was not paid. At a meeting when payment for the bill categorized as “tenant’s work” was discussed, Bernard reassured payment by stating “Don’t worry I’ll take care of it.” The testimony as to parties’ expectations as to who was to pay for that “tenant’s work” was different. Although Bernard testified that the partnership did not expect to make payment for the “tenant’s work,” plaintiff’s testimony was that all the work performed by plaintiff was done with the expectation that the partnership would pay. The court could have rejected Bernard’s testimony and accepted plaintiff’s testimony.
The evidence is sufficient for the court to have found that plaintiff furnished services to the partnership with the expectation of being paid, and that the partnership had reason to believe that plaintiff was acting with such expectation. Supra, Oatley, at 285. There is no error.
Report dismissed.