Fremont-Smith, J.
INTRODUCTION
Plaintiff WIT Corp., d/b/a/ Hinkley Home Center and Vineyard Home Center (“WIT”), has filed this action, alleging breach of contract and unjust enrichment against the defendants in connection with materials it supplied to Gordon Weber (“Weber"), a general contractor, that were subsequently used to renovate property owned by Karin Brown, as Trustee of the Hilltop Realty Trust (“Brown”).
The action appears before this Court on Brown’s motion to dismiss count II (unjust enrichment) of the complaint pursuant to Mass.R.Civ.P. 12(b)(6). For the reasons set forth below, the motion to dismiss is ALLOWED.
BACKGROUND
WIT is a building supply company. On May 31, 1998, Weber, a general contractor, entered into a written agreement with WIT to establish a line of credit for the purchase of building material. In January 1999, Brown hired Weber to renovate a residential dwelling located at 53 Hilltop Road, Tisbury. Weber subsequently purchased materials for the renovation from WIT. The materials were purchased on credit, and WIT has yet to receive payment for the materials.
On August 2, 1999 WIT filed and recorded a Notice of Contract on the Hilltop Road property pursuant to G.L.c. 254, §4 (the mechanic’s lien statute) to secure payment of the materials and supplies that were delivered to Weber, but apparently never perfected its lien.[3] Meanwhile, Brown listed the property for sale and on October 1, 1999, Brown sold the property to a third party. Prior to the closing, the buyer’s attorney contacted WIT to inquire about the Notice of Contract. WIT explained that it had not been paid for supplies used for the property renovation. The buyer’s attorney stated that an escrow account would be established at the time of the closing in order to withhold the funds from Brown allegedly owed to WIT. However, WIT did not receive payment from the escrow account.[4] The property has been sold and Brown has received the sale price from the buyer. .
On January 5, 2001 Weber filed a Suggestion of Bankruptcy with this Court. As a result, the filing operates to stay this action with respect to him. See 11 U.S.C. §362. Therefore, only the allegation in count II of the complaint (unjust enrichment against Brown) is before the Court today.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the Court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn from them. Schaer v. Brandeis University, 432 Mass. 474, 477 (2000). In addition to the allegations in the complaint, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, may be taken into account. Id. Although courts do not accept legal conclusions cast in the form of factual allegations, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the complainant can prove no set of facts in support of his claim that would entitle him to relief, Nader v. Citron, 372 Mass. 96, 98 (1977), and should not be dismissed if it could support relief on any theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
In the instant case, WIT asserts that Brown has been unjustly enriched because she has received the benefit of WIT’s supplies without WIT being compensated for them. WIT contends that by accepting and using the building material, Brown impliedly promised to pay WIT for the material and that this Court should allow its case for quantum meruit damages to go forward.[5] This Court disagrees.
To allege a claim for unjust enrichment, WIT must allege that it: (1) conferred a measurable benefit upon Brown; and (2) Brown accepted the services with the expectation of compensating WIT. See Bolen v. Paragon Plastics, Inc., 747 F.Sup. 103, 106-07 (D.Mass. 1990); United Equipment Leasing, Inc. v. Kayla Homes, Inc., 1994 WL 879461 (Superior Court, December 16, 1994, Rup, J.), 3 Mass. L. Rptr. 575. With respect to the second requirement, “the contracting party [here, WIT] must look for payment to the one to whom credit was extended when the work was done, that is, the one who was expected to pay and who in fact expected to pay or as a reasonable man should have expected to pay.” LaChance v. Rigoli, 325 Mass. 425, 427 (1950) (builder cannot recover against owner of land on which building was constructed, but must seek payment from contractor with whom it had contracted). As the Supreme Judicial Court noted, “]t]he injustice of the enrichment or detriment in quasi-contract equates *136 with the defeat of someone’s reasonable expectations.” Salamon v. Terra, 394 Mass. 857, 859 (1985). In the case at bar, Brown reasonably could have anticipated only that Weber would be obligated under Weber’s contract with WIT. Brown neither took part in negotiating the contract between Weber and WIT, nor was she a party to the contract. Indeed, according to the allegations in the complaint, WIT and Brown had no dealings with each other until Brown was served with process. Accordingly, as a matter of law, without a reasonable expectation of payment from Brown to WIT, any benefit to her cannot be unjust enrichment.
An analogous case is Evans v. Multicon Construction Corp., 30 Mass.App.Ct. 728 (1991). There, Evans, a subcontractor, performed excavation work for Mulicon, a general contractor, for which it never received payment. Evans sued Multicon and following two trials (the first plaintiffs verdict was reversed) received a judgment for nearly $125,000. However, by the time Evans attempted to collect on his judgment, Multicon had ceased doing business in Massachusetts and, if it still existed at all, was an empty shell. Evans, in an effort to collect his judgment, asserted the right to collect directly against the property owner on whose property it had conducted the excavation and who received the benefit of the work. In rejecting his claim, the Appeals Court held that ”[i]n the absence of a lien perfected under G.L.c. 254, an owner who enters into a general contract for improvements on real property is not ordinarily liable to subcontractors whose sole contractual arrangements are with the general contractor.” Id. at 740.
Similarly, in the recent case of Brick Construction Corp. v. CEI Development Corp., 46 Mass.App.Ct. 837 (1999), Brick, a subcontractor, obtained a judgment against Carabetta Builders, a general contractor. While the appeal was pending in the Appeals Court, Carabetta, like the contractor here, filed for bankruptcy. Unable to obtain payment from Carabetta, Brick sought to recover from four entities that either owned or managed the property in which Brick had performed work. The Appeals Court dismissed Brick’s claim as untimely filed. However, Brick further sought to enforce Carabetta’s rights against the owners of the property. The Court rejected this claim, relying on Evans. See Brick Construction Corp., supra at 840. In addition, the Appeals Court rejected Brick’s further attempt to recover under an unjust enrichment theory or as a third-party beneficiary, reasoning that those claims are also precluded under Evans. Id.
In the case at bar, WIT took the initial step of filing a Notice of Contract pursuant to G.L.c. 254, §4 (the mechanic’s lien statute) in an effort to secure its claim. However, WIT has made no allegation that it perfected its lien by filing a Statement of Account or commencing an action within the requisite time period. See G.L.c. 254, §§5, 8. As a result, to the extent WIT may have had a mechanic’s lien on the property, that lien may have been extinguished. See Mullen Lumber Co., Inc. v. Lore, 404 Mass. 750, 752-53 (1989) (“Individual sections of the statute establish the time limitations and other requirements necessary to preserve and enforce the lien . . . Although not every procedural mistake is fatal, failure to comply normally results in dissolution of the lien, or in failure of the lien to attach”). In any event, enforcement of a mechanic’s lien is not sought in this action.[6]
ORDER
Accordingly, it is ORDERED that the motion to dismiss count II of the complaint is ALLOWED as to defendant Karin Brown. The action against Weber is stayed pending resolution of the Bankruptcy proceeding^_

 See pg. 5-6, infra.

 It is unclear from the complaint whether an escrow account was established at the closing. To the extent one was established and the funds were wrongfully released to Brown, WIT may have a claim against the escrow agent.

 The reported cases often use the terms quantum meruit, quasi-contract and implied contract without distinguishing among them. Bolen v. Paragon Plastics, Inc., 747 F.Sup. 103, 106 (D.Mass. 1990).

 Plaintiff, of course, may file a proof of claim in the Bankruptcy Court, which court may itself seek to enforce Weber’s claim against Brown.