Wilkins, Douglas H., J.
The plaintiff, Botany Bay Construction Co., Inc. (“Botany Bay”), filed this action under the Mechanic’s Lien Statute, G.L.c. 254, §1 et seq., against a landowner, Zuzana Lewandowski (“Lewandowski”) and the general contractor, Pullman Modular Industries, Inc. (“Pullman”). After Lewandowski served her motion for summary judgment, Botany Bay moved to amend the complaint to add a claim for quantum meruit and unjust enrichment. Presently before the Court are (1) Defendant Zuzanna Lewandowski’s Motion for Summary Judg *399 ment (“Summary Judgment Motion”) and (2) Plaintiffs Motion for Leave to File Amended Complaint to Conform with the Evidence (“Motion to Amend”).
BACKGROUND
The parties’ Rule 9A(b)(5) statement establishes the following facts, after drawing inferences favorable to Botany Bay, as opposing party.
Botany Bay was a subcontractor for Pullman. On October 24, 2007, it recorded in the Worcester District Registry of Deeds (“Registry”) a Notice of Contract pursuant to §4, with an account of all amounts due in Book 41969, Page 301. The contract amount stated in the Notice is $18,654.16. For purposes of summary judgment, the Court assumes that Lewandowski was given notice of the recording of the Notice of Contract.
On January 23, 2008, Botany Bay filed this action. That was more than 91 days after the date of recording of the Notice of Contract. Botany Bay has not recorded a copy of the complaint in this action in the Registry.
As additional facts, Botany Bay states that it provided a benefit to Lewandowski at her home by installing a septic system in accordance with Title V of the regulations of the Massachusetts Department of Environmental Protection and by installing water service. It was under contract with Pullman dated December 4, 2006 to perform that work and pulled permits from the City of Worcester. It lists numerous improvements that it performed at Lewandowski’s property. At no time did Lewandowski tell Botany Bay to leave her property, stop work or stop making improvements to her property. Pullman never paid Botany Bay and has now gone out of business, without any remaining assets. The Court has entered a default against Pullman. See Docket #15 and Order of February 4, 2011.
It is admitted that at no time has Lewandowski filed a Verified Complaint for an order ruling on or discharging Botany Bay’s mechanic’s lien.
DISCUSSION
Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See Mass.R.Civ.P. 56(c); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The moving party bears the burden of showing affirmatively that no triable issue of fact exists. See Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). It may meet that burden by showing that “the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Kourouvacilis, 410 Mass. at 716.
I.
“A mechanic’s lien is a creation of statute and can be enforced only by strict compliance with the statute.” Trace Construction, Inc. v. Dana Barros Sports Complex, LLC, 459 Mass. 346, 352 (2011). The summary judgment record establishes two instances of noncompliance that, by statute, require dissolution of the lien.[1]
First, Botany Bay has not filed a copy of the complaint in this action in the Registry of Deeds. This violates G.L.c. 254, §5 (as in effect prior to St. 2010, c. 424, §9, effective July 1, 2011), which requires persons claiming a mechanic’s lien to file an attested copy of the complaint in the registry of deeds within 30 days of commencement of the action.
A lien upon land for the erection, alteration, repair or removal of a building or other structure or other improvement of real property or a lien established under Section sevenly-six of chapter sixly-three, or Section 6 of chapter 183A shall be enforced by a civil action brought in the superior court for the county where such land lies . . . An attested copy of the complaint, which shall contain a brief description of the property sufficient to identify it, and a statement of the amount due, shall be filed in the registry of deeds and recorded as provided in Section nine within thirty days of the commencement of the action, or such lien shall be dissolved.
The statute is clear about the consequence of a failure to file in timely fashion: the “lien shall be dissolved.” Botany Bay therefore has no mechanic’s lien to enforce in this action. Lewandowski is entitled to summary judgment.
Second, bywaiting91 days, Botany Bay violated the requirement that it commence this action within 90 days of filing its statement of contract in the Registry.
The lien shall be dissolved unless a civil action to enforce it is commenced within ninety days after the filing of the statement required by Section eight.
G.L.c. 254, §11 (as in effect prior to St. 2010, c. 424, §9, effective July 1, 2011). Once again, the Legislature specifically provided that the remedy for untimely filing is dissolution of the lien.
Botany Bay does not contest these instances of non-compliance directly, nor does it. dispute the underlying facts regarding the fact and timing of the filings. Rather, it contends that Lewandowski cannot raise these issues in defense of the complaint and was required to file a separate action under G.L.c. 254, §15A (as in effect prior to St. 2010, c. 424, §9, effective July 1, 2011), which reads in relevant part:
If any person in interest, including but not limited to an owner, contractor, or mortgage holder, claims . . . (d) that for any other reason a claimed lien is invalid by reason of failure to comply with any provision of this chapter... such person may apply to the superior court for the county where such land lies or in the district court in the judicial district where such land lies, for an order (i) ruling on the matter involved or (ii) summarily discharging of record the alleged lien or notice as the case may be . . . Upon granting or denying the application, the court shall enter a final judgment on the matter *400 involved or expeditiously order such further proceedings as are just.
This statute is permissive. It provides that the landowner “may apply” for an order by initiating her own lawsuit. See Case of Murphy, 53 Mass.App.Ct. 708, 716 (2002) (“may” is ordinarily permissive, not mandatory). Nothing in the statute suggests that a landowner’s suit under §15A is the exclusive means to challenge the validity of a lien, let alone that the failure to file such a suit relieves a plaintiff in a suit under G.L.c. 254, §5 of its burden to prove the existence and continued validity of a lien. Such a statutory requirement would require the time, expense and trouble of two lawsuits where one would suffice and could undercut the Legislature’s strict requirements for timely filing of a lawsuit and notice thereof. At the same time, it would achieve little or no benefit.
The Legislature did not enact such an impractical scheme. In fact, G.L.c. 254, §15, authorizes the Court to do just what Lewandowski asks in Botany Bay’s lawsuit.
If it appears to the court that no person is entitled to a lien . . . judgment shall be entered to the effect that the lien is dissolved, and a certificate to that effect shall be sent forthwith by the clerk to the register of deeds. Such certificate shall be filed and recorded in the manner provided in Sections eight and nine.
By granting summaiy judgment to Lewandowski on the ground that Botany Bay is not entitled to a lien (because the lien hás been dissolved by operation of law), the Court is doing exactly what §15 contemplates.
It follows that Lewandowski is entitled to summaiy judgment on the existing complaint against her.
II.
The Court should freely grant leave to amend the complaint “(i]n the absence of any apparent or declared reason” such as “undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. ...” Castellucci v. United States Fidelity and Guaranty Co., 372 Mass. 288, 289-90 (1977), quoting Foman v. Davis, 371 U.S. 178 (1962). Here, the Motion to Amend raises questions of futility and undue delay.
The first, and dispositive, problem is the failure of the proposed new claim to meet the jurisdictional amount, once the mechanic’s lien claim is dismissed. Pursuant to G.L.c. 212, §3, this case “may proceed in the [Superior] court only if there is no reasonable likelihood that recovery by the plaintiff will be less than or equal to $25,000 . . .” See generally Zizza v. Zizza, 456 Mass. 401, 409-10 (2010). The Court may raise the jurisdictional amount question on its own motion. Id. See G.L.c. 212, §3A(b).
In this case, the contract amount is $18,654.16. Only by including alleged interest at 1.5% per month (18% per annum)[2] has Botany Bay argued that it meets the $25,000 limit — just barely — by a claim for $25,248.00. This it cannot do. Since Botany Bay had no contract with Lewandowski, it cannot reasonably expect to recover more than the statutory 12% interest at best. See G.L.c. 231, §6B. Moreover, the word “recovery” in G.L.c. 212, §3 refers to principal and does not include interest. It follows that Botany Bay has not alleged sufficient damages to meet the jurisdictional amount of the Superior Court. Dismissal for failure to meet the jurisdictional amount is “without prejudice.” G.L.c. 212, §3A(b). Because the issue is not before it, the Court ventures no opinion whether the same consequence follows where a motion to amend is denied simultaneously with the grant of summary judgment against the plaintiff on the merits. Whatever the correct answer may be, amendment of the complaint in this court is futile for jurisdictional reasons and therefore the Motion to Amend is denied.
Second, there are issues of timing. The Motion to Amend was brought when a trial date was looming[3] and a motion for summary judgment was anticipated. The Motion to Amend was not timely. While that delay alone may not justify denial, the attempt to subject the defendant to further expense and delay by introducing an entirely new theory with damages below the jurisdictional threshold and with serious problems on the merits (discussed in the next paragraph) warrants denial on this ground. See Goulet v. Whitin Machine Works, Inc., 399 Mass. 547, 552 (1987) (entirely new theory); Vakil v. Vakil, 450 Mass. 411, 419 (2008) (prejudice).
Third, there are issues on the merits, which also raise questions of the fairness in compelling the homeowner to defend against a claim that she is liable not only to the contractor, but also to a subcontractor— potentially resulting in double liability and subjecting her to unexpected claims and litigation. The claim of the plaintiff, as subcontractor, directly against a landowner without benefit of a valid mechanic’s lien, is not viable for reasons aptly stated by the Appellate Division of the Massachusetts District Court Department:
Outside the context of a lien against its property perfected under the mechanic’s lien statute, M.G.L.c. 254, §1 et seq., a property owner such as the Trust that enters into a general contract for improvements on real property “is not ordinarily liable” to subcontractors such as Rosano-Davis whose sole contractual arrangements are with the general contractor — here, McKenna. Evans v. Multicon Constr. Corp., 30 Mass.App.Ct. 728, 740, (1991); see also, e.g., Brick Constr. Corp. v. CEI Dev. Corp., 46 Mass.App.Ct. 837 (1999); Superior Glass Co. v. First Bristol County Nat’l Bank, 8 *401 Mass.App.Ct. 356, 359 (1979); Stamski and McNary, Inc. v. Anderson, 1996 Mass.App.Div. 199 (1996). The insulation afforded such owners as the Trust extends to the very claim asserted here, that of “unjust enrichment.” Brick Constr., 46 Mass.App.Ct. at 840. Allowing a subcontractor to recover damages in a quasi-contract action against a property owner with whom that subcontractor was not in contractual privity would in essence eliminate the reason the long-lived mechanic’s-lien statute exists, and would render its strictly-construed provisions superfluous in their entirety. The statute exists to provide security to subcontractors and others for the value of their goods and services provided to improve the owner’s real property, and it affords the protections it does likely because of the long-standing bar preventing a subcontractor’s recovery against a landowner when the general contractor fails to pay the subcontractor. See. e.g., Tremont Tower Condo., LLC v. George B.H. Macomber Co., 436 Mass. 677, 679 (2002), citing Hammill-McCormick Assocs., Inc. v. New England Tel & Tel. Co., 399 Mass. 541, 542-43 (1987); see also LaChance v. Rigoli 325 Mass. 425, 427 (1950), citing, inter alia, Farquhar v. Brown, 132 Mass. 340 (1882); see generally Comment, Mechanic’s Lien Law: More Clarity from the Supreme Judicial Court, 88 Mass.LawRev. 107, 109 (2003).
Rosano-Davis, Inc. v. Sastre, 2004 Mass.App.Div. 55 (2004). While this Court is not bound by this decision, it is bound by the Supreme Judicial Court and Appeals Court decisions accurately cited in this passage. Moreover, the Rosano-Davis decision would be binding in the event of a filing in the District Court, which would hear claims with jurisdictional amounts of a size asserted in the proposed amended complaint. Therefore, while I deny the Motion to Amend based upon the Superior Court’s jurisdictional limit, that rationale is not intended to suggest that the claim is otherwise viable.
CONCLUSION
After hearing and for the above reasons, it is ORDERED AND ADJUDGED THAT:
1. Defendant Zuzanna Lewandowski’s Motion for Summary Judgment is ALLOWED.
2. Plaintiffs Motion for Leave to File Amended Complaint to Conform with the Evidence is DENIED.
3. If Plaintiff seeks judgment by default against Pullman, it shall file a Motion for Assessment of Damages on Default by the Court, on or before January 31, 2012, with affidavits and supporting materials complying with Mass.R.Civ.P. 55(b). Failure to file a timely motion for assessment shall result in dismissal of the claim against Pullman for lack of prosecution.

It is not necessary to reach the additional ground asserted by Lewandowski — lack of notice of the lien — because the two grounds discussed in the text suffice. In any event, the Court assumes that there is a disputed issue of fact on the notice issue, which would necessitate a trial.

Indulging the plaintiffs complaint in its favor, I infer that the contract between Pullman and Botany Bay must provide for 1.5% interest per month.

The Motion to Amend was filed the day after the parties appeared for Trial assignment, at which time a trial date of December 21 was selected. That date was later changed to a hearing on summary judgment, when it appeared that the complaint as originally pleaded might be resolved on motion.